## SALIBO v. UNITED STATES.
### No. 5752.

Circuit Court of Appeals, Fifth Circuit. Feb. 12, 1931.

Rehearing Denied March 6, 1931.

Joseph A. M'Caleb, of New Orleans, La., for appellant.

H. M. Holden, U. S. Atty., and Douglas W. McGregor and M. S. McCorquodale, Asst. U. S. Attys., all of Houston, Tex.

Before FOSTER and WALKER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

Appellant was convicted on two counts of an indictment, the first count of which charged the receiving, transporting, and concealing of some 800 quarts of whisky which had been imported into the United States from Mexico without being declared to the customs officers and without the payment of duty, and the second count of which charged the unlawful possession of intoxicating liquor for beverage purposes. Error is assigned to the overruling of a motion for a directed verdict.

Indicted with appellant in both counts were Arch M. Pressler and Jessie Pressler, his wife. There was evidence adduced tending to show that some 844 quarts of liquor, consisting of Scotch whisky, Canadian Club whisky, champagne, cordials, Gordon gin, and other liquors were brought to the residence of the Presslers by appellant and his brother and stored therein with the knowledge and consent of Mrs. Pressler; that a large part of this liquor was of foreign manufacture, and had been imported into the United States; that Pressler admitted an interest in the liquor.

There could be no doubt that there was sufficient evidence before the jury to support the verdict.

Error is assigned to the overruling of a motion to quash the search warrant upon which the liquor was discovered and seized. The record fails to show that any such motion was made on behalf of appellant or to the introduction of evidence resulting from the search and seizure.

An assignment of error sets up that the jury, after retiring to deliberate, discussed and gave effect to the failure of appellant to take the stand in his own defense. A defendant has the right to take the stand in his own defense or to not do so. In the latter case it would be error for the district attorney or the court to comment upon or call the jury's attention in any way to his failure to testify, but we know of no rule of law that would prevent the jury from discussing that circumstance in their deliberations the same as any other fact made apparent in the course of the trial, and their doing so would not constitute error.

There are no other errors assigned, but counsel for appellant insists that plain error is shown upon the record, of which we should take notice without an assignment. Of course, in the interest of justice, we would do so, but, although counsel has endeavored to point out such errors, and has earnestly and capably argued them, our examination of the record fails to convince us that any error was committed that would be prejudicial to appellant.

Affirmed.