**WOODS v. GETTELFINGER et al.**

**GETTELFINGER et al. v. WOODS.**

Nos. 9055, 9059.

Circuit Court of Appeals, Fifth Circuit.

Dec. 26, 1939.

B. P. Gambrell and Reuben R. Arnold, both of Atlanta, Ga., and James E. Rosser, of Lafayette, Ga., for Woods.

John A. Dunaway, of Atlanta, Ga., and Dean Owens, of Rome, Ga., for Gettelfinger and another.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

These two cases were brought by Mrs. Electra Woods against H. Gettelfinger and H. Spalding, doing business as Eveready Freight Lines and Blue and Gray Transportation Company, to recover damages for the death of her husband, Earl Woods (No. 9055), and for personal injuries to herself (No. 9059). The cases were tried together before the same jury and resulted in a verdict of $5,000 in favor of Mrs. Woods in suit No. 9059 and a verdict for defendants in suit No. 9055. While brought up by separate appeals, it is stipulated that both records may be referred to for the material facts. Both appeals may be conveniently disposed of by one opinion. The parties will be referred to as plaintiff and defendants.

It appears from the records that on the night of January 11, 1936, about 6:30 o'clock, Earl Woods was driving a Chevrolet automobile on the Dixie Highway, going in a southerly direction. His wife was riding with him on the front seat as a passenger. The Chevrolet collided with the rear of a truck, owned and operated by defendants, which was standing on the road, with its left side about two feet from the center of the road. At the point where the accident occurred the road ran up grade. The truck had gotten over the steepest part of the grade when some defect developed in its ignition system and it was unable to proceed under its own power. The driver of the truck had procured a mechanic to help him make the necessary repairs. This mechanic had come up in another car, which was parked in front of the truck. The truck had been standing on the same spot for about thirty minutes before the accident. There was considerable motor traffic on the highway and cars had safely passed the truck, going in both directions. On each side of the paved highway was a dirt shoulder.

A statute of Georgia provides that no motor vehicle shall be left standing on a highway nearer than eight feet to the center of the road. Sec. 68-314, Ga.Code, Acts 1935, p. 443. The contention of plaintiff is that defendants were guilty of negligence in violating the statute; and in not having lights on the truck so that approaching cars could see it in time to avoid it.

The contention of defendants is that the Chevrolet was traveling at an excessive rate of speed, approximately seventy miles an hour, in violation of another Georgia statute, which limited speed on the highway for such cars to forty miles per hour. Sec. 68-301, Ga.Code 1933. And that this was the sole proximate cause of the accident.

Defendants, appellants in 9059, assign error to the denial of a directed verdict in their favor.

The evidence before the jury was in conflict as to whether the truck was lighted or whether it could have been moved onto the shoulder of the road to clear the highway to a greater extent, notwithstanding it could not move under its own power, and also as to the speed of the Chevrolet. Under the law of Georgia negligence of the driver of an automobile is not attributable to a passenger. Fuller v. Mills, 36 Ga.App. 357, 136 S.E. 807. But when his negligence is the sole proximate cause of the accident neither he nor a passenger may recover. Brown v. So. Ry. Co., 5 Cir., 61 F.2d 399. Conceding that if the driver of an automobile colliding with a stationary object fails to exercise ordinary care, his negligence may be considered the sole proximate cause of the accident, according to the circumstances of the case, the evidence in this case was not so conclusive as to require the court, as a matter of law, to determine that the negligence of the driver was the sole proximate cause of the accident. Cf. Kelly v. Locke, 186 Ga. 620, 198 S.E. 754. Resolving the conflict in the evidence in favor of plaintiff the jury might have concluded the negligence of the husband was merely a contributing cause. This would bar his claim and allow plaintiff to recover for her personal in-

juries. It was not error to deny a directed verdict for defendants.

In case No. 9055 the only errors assigned are as follows. In the course of the charge the court said, "If you find it (the evidence) is in favor of plaintiff on all vital issues then she would be entitled to recover." Exception was taken to this on the ground it was prejudicial as leading the jury to believe it was necessary for plaintiff to prove every allegation of negligence in order to recover. The court fully and clearly charged the jury as to the law governing the case and specifically instructed it was not necessary for plaintiff to prove every allegation of negligence but it was sufficient if she proved any allegation of negligence. The part of the charge complained of could not have misled the jury and was not error.

When Spalding, one of the defendants, was on the stand, he interjected, not in response to a question, a statement that his insurance carrier "was broke." Plaintiff moved for a mistrial. The court promptly instructed the jury to disregard that statement and overruled the motion. The authorities are in conflict as to whether the admission of such evidence would be error but we need not review them. Error, if any, was cured by the instructions of the court.

Defendants introduced a witness, Langford, who after giving his experience in such matters, testified that, from his examination of the wreckage, the Chevrolet was traveling at the rate of about seventy miles an hour. Again there is conflict in the authorities as to the admissibility of such evidence. The rule in Georgia seems to be that circumstantial evidence, tending to show speed, is admissible. Western & Atlantic R. R. v. Thompson, 38 Ga.App. 599, 144 S.E. 831; Hall v. Slaton, 38 Ga. App. 619, 144 S.E. 827; Rentz v. Collins, 51 Ga.App. 782, 181 S.E. 678. However, that is immaterial in this case. There was other evidence tending to show that the Chevrolet was traveling at an excessive rate of speed from which the jury could have properly formed their own opinion. The evidence could not have affected the substantial rights of plaintiff. On appeal its admission may be disregarded. Rule 61, Rules of Civil Procedure, 28 U.S.C.A. following section 723c; 28 U.S.C.A. § 391.

Reversible error does not appear in either case. The judgment in each case is affirmed.