## PARSONS v. UNITED STATES.
### No. 13267.

United States Court of Appeals,
Fifth Circuit.

May 7, 1951.

Frank M. Gleason, Rossville, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., Lamar N. Smith and Harvey H. Tisinger, Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Indicted for, and convicted of, knowingly receiving and concealing a stolen automobile, in violation of Section 408 [now §§ 2311–2313], Title 18 U.S.C.A., and sentenced to a prison term of three years in Criminal No. 18,776, to run concurrently with the term imposed in Criminal No. 18,775, defendant is here insisting that the judgment was affected with reversible error and may not stand. We do not think so.

The errors assigned are, in general, two: (1) the denial of his motion for a judgment of acquittal; (2) the denial of his motion for new trial.

The gravamen of the first is that the stolen car was no longer moving in interstate commerce at the time defendant received it, and, having lost the character of interstate commerce, no federal offense was committed by him.

In support of this contention, he cites Davidson v. U. S., 8 Cir., 61 F.2d 250, 255, and similar cases, and urges upon us that the evidence of the witnesses for the prosecution establishes beyond controversy that the car when sold to the defendant as a stolen car was no longer "moving as, or was a part of, or constituted interstate commerce".

In a prosecution of this kind, the question, whether an automobile is a part of interstate commerce when received and concealed, is like all the other questions, a question of fact for the jury.[1] We are in no doubt that the evidence is ample to support the verdict that the car was still a

---

1. Levi v. U. S., 5 Cir., 71 F.2d 353; U. S. v. Solowitz, 7 Cir., 99 F.2d 714; McAdams v. United States, 8 Cir., 74 F.2d 37; Baugh v. U. S., 9 Cir., 27 F.2d 257, certiorari denied 270 U.S. 639, 49 S.Ct. 34, 73 L.Ed. 554.

part of such commerce when defendant acquired it. Indeed, if the case were a civil one, we should have no hesitation in saying that such a verdict was demanded.

The rule contended for by appellant would nullify the statute. It would afford harborage, to receivers of interstate run cars, as soon as the cars crossed a state line, if the evidence showed that the fence operations were to be confined to that state and failed to show that the receiver was selected by the runner before the run began. The car in question here was in effect still smoking from its run. The pursuit over state lines, had there been any, would have been hot pursuit, Parsons would have been a port in a storm. The fact that his place was not set out in their manifest as a port of call would have been completely unimportant. Whatever may have been the state of earlier views, and at some times and places they tended to be consonant with appellant's technical views, it is a long time now since weighty matters of this kind as to law observance and law enforcement have been dealt with, as contended for here, as matters of hair splitting and of tithing, mint, anise and cummin.

■ The record overwhelmingly establishes the essential fact that the car was, when sold to defendant, a part of interstate commerce. It likewise fully supports the jury's finding that, with guilty knowledge, he received and concealed it.

The points put forward under appellant's second general ground of attack are no better taken. As listed by appellant, they are six in number. Three of them, however, are but repetition in the motion for new trial of the matter put forward under the first general ground and discussed above. It is quite plain that the other three present nothing of substance.

■ One of them is that a statement of a witness which was first admitted and then ruled out as inadmissible, entitled him to a mistrial. In the first place, the statement was admissible as tending to show knowledge of the forbidden nature of the transaction. In the second place, it was not sufficiently material, if erroneous, to justify granting a mistrial because the judge could have cured, and did cure, the error, if any, by ruling the testimony out.[2] In the third place, he did rule the testimony out, and defendant, apparently content, asked for no further curative ruling.

Another is the claimed misconduct of the jury, as attempted to be shown by the impeaching affidavit of one of the jurors as to matters said and done in the jury room.

■ It is too well settled for argument or discussion that in the federal system jurors will not be heard to impeach their verdict by affidavits or testimony[3] as to the manner of arriving at it.

The third complaint, unsupported by objection or exception made at the time, is that, though unobjected to, the argument was sufficiently prejudicial to require reversal.

Without setting it out or determining whether, if excepted to, the exception would have been good, it is sufficient to say of it that it was not of such a nature as, though unobjected to when made, to require reversal.[4]

The judgment is unaffected with error. It is

Affirmed.

2. Allen v. First National Bank of Atlanta, 5 Cir., 169 F.2d 221; Woods v. Gettlefinger, 5 Cir., 108 F.2d 549.

3. Brabham v. Mississippi, 5 Cir., 96 F.2d 210, at page 214 and cases cited; Hyde v. U. S., 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; Jordan v. U. S., 66 App.D.C. 309, 87 F.2d 64.

4. Hartford Accident & Indemnity Co. v. Baugh, 5 Cir., 87 F.2d 240.