**UNITED STATES v. GUIDO.**

No. 100, Docket 22489.

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1952.

Decided Dec. 4, 1952.

David M. Markowitz, New York City, Joseph Bove, New Haven, Conn., for defendant-appellant.

Adrian W. Maher, U. S. Atty. and A. Frederick Mignone, Asst. U. S. Atty., New Haven, Conn., for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The defendant contends that the government failed to prove that he transported, or aided in transporting, in interstate commerce the two cars, to wit: a Cadillac and a Pontiac. The evidence was mainly circumstantial but was sufficient to justify the conviction and sentence.

One car (a Pontiac) was shown to have been in the exclusive possession of the defendant in Wallingford, Connecticut with an altered motor number, a few days after it was stolen in New York City. Moreover, the defendant had in his possession in Wallingford a spurious bill of sale and a forged New York registration, not issued by the state and made out to a fictitious person. There was also evidence of the sale of the car by the defendant.

In support of the first and second counts, which related to the Cadillac car, testimony was given that a motor vehicle similar in description to it was standing near the defendant's house in Wallingford for several weeks soon after the theft in New York on December 19, 1951, and that it was sold on January 5, 1952. In the case of this car also the motor number had been altered, defendant had a false bill of sale in his possession and a false New York registration.

The unexplained possession by the defendant of the stolen goods, accompanied by possession of a spurious bill of sale and a forged registration were facts sufficient to support an inference by the jury that he knew that the cars were stolen. Cf. Seefeldt v. United States, 10 Cir., 183 F.2d 713. Further, the jury could find that the defendant had received, concealed, sold and disposed of the cars while they were still a part of interstate commerce, and consequently was guilty under the two counts of the indictment charging violations of 18 U.S.C.A. § 2313. Cf. Parsons v. United States, 5 Cir., 188 F.2d 878. While evidence of the defendant's participation in the movement of the cars from New York to Connecticut was circumstantial, we think that the sentence must stand. As to the Pontiac there was testimony that at the time of the sale in Connecticut the defendant said that he had "just got there" with the car which, together with the other circumstances, permitted the jury to find that the defendant had been instrumental in transporting it from New York to Con-

necticut. Even if the evidence of transporting the Cadillac were regarded as insufficient, since the sentences on the four counts are to run concurrently, the sentence may be sustained as defendant was properly convicted on the three other counts and there was no prejudice created at the trial. Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774.

Evidence of oral statements made by the defendant's wife was admitted during the trial but the court later granted a motion by the defendant to strike this testimony from the record, holding that there was not sufficient evidence from which the jury could reasonably find that his wife had authority to bind him by oral admissions. In our opinion this testimony even if properly stricken, as may be doubted, was not of such importance that its effect could not be adequately removed from the jury's consideration by the instructions to disregard it.

We have examined the defendant's other contentions and find no substantial merit therein.

The judgment is affirmed.