**Martin Franklin PRINCE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 12183.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 1954.

John R. Radabaugh, Middletown, Ohio, for appellant.

James L. Roberts, Asst. U. S. Atty., Nashville, Tenn. (Fred Elledge, Jr., U. S. Atty., Nashville, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Appellant was convicted by jury verdict on both counts of an indictment: the first count charging him with falsely pretending to be an officer and employee of the United States, acting under authority of the United States and, in such pretended character, obtaining certain automobile tires from a named party; and the second count charging him with transporting a stolen automobile from Duluth, Minnesota, to Hartsville, Tennessee, knowing that the automobile

had been stolen. He was sentenced to three years' imprisonment on the first count of the indictment and to four years on the second count, the sentences to run concurrently.

Appellant prosecutes no appeal from the sentence on the first count, but avers that the district judge should have granted his motion for a directed verdict upon the second count of the indictment, for the alleged reason that the Government failed to prove beyond a reasonable doubt that he knowingly transported the stolen automobile across state lines. He contends that all that was proved as to this essential element of the crime defined in the Dyer Act, section 2312, Title 18, U.S.C., is that he was in possession of the motor vehicle in Hartsville, Tennessee. He did not take the stand and introduced no witnesses in his own behalf.

Appellant's court-appointed attorney cites Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L. Ed. 350, involving securities stolen in Minnesota which later were found in possession of the defendant in New York. This authority is clearly differentiable on its facts. In Battaglia v. United States, 4 Cir., 205 F.2d 824, 827, the Court of Appeals pointed out that the Bollenbach decision does not repudiate the long established rule that unexplained possession of recently stolen goods will support an inference that the possessor is guilty of the theft; and that it would be absurd to say that possession of a stolen car in the state of destination gives rise to an inference that the possessor stole the car in the state of origin but permits no inference that he was a party to the interstate transportation.

Upon the proposition that an inference of guilt may be drawn from the unexplained possession of recently stolen goods, see McNamara v. Henkel, 226 U. S. 520, 33 S.Ct. 146, 57 L.Ed. 330; United States v. Guido, 2 Cir., 200 F.2d 105.

The judgment of the district court is ordered to be affirmed.