**UNITED STATES of America**

v.

**Arthur LANG, Appellant.**

**No. 11861.**

United States Court of Appeals
Third Circuit.

Argued Sept. 24, 1956.

Decided Dec. 27, 1956.

Samuel Dennis, Philadelphia, Pa. (Thomas & Peacock, Atlantic City, N. J., Robert M. Taylor, Philadelphia, Pa., on the brief), for appellant.

Charles H. Nugent, Asst. U. S. Atty., Camden, N. J. (Herman Scott, U. S.

Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The defendant, Lang, was indicted and tried on twelve separate counts of an indictment. Six counts were based on the receipt and concealment by him of six stolen automobiles moving as, and a part of, interstate commerce, he knowing the cars to have been stolen. The remaining six counts charged that the defendant bartered, sold and disposed of the automobiles, which then were a part of, and moving in, interstate commerce, knowing the same to have been stolen. See the Dyer Act, 18 U.S.C. § 2313.[1] The jury found Lang guilty on all counts. He was sentenced and has appealed.

Lang contends that the trial court erred: (1) in not granting his motion for a directed judgment of acquittal; (2) in charging the jury; (3) in refusing his counsel the opportunity to make specific objections to the court's charge; and (4) in permitting an FBI agent to testify as to admissions made by Lang. We will deal with these contentions in the order presented.

■ An examination of the record shows that ample evidence was presented to take the case to the jury. Consequently there was no error in refusing Lang's motion for a directed judgment of acquittal. See Fed.R.Crim.P. 29(a), 18 U.S.C.

Lang's second and third contentions must be discussed together. Section 2313 of the Dyer Act, 18 U.S.C. § 2313, required the United States to allege and prove that at the time Lang received and disposed of the automobiles they were moving as, and a part of, interstate commerce. See Phillips v. United States, 10

Cir., 1953, 206 F.2d 923, 924; Seefeldt v. United States, 10 Cir., 1950, 183 F.2d 713, 714. The issue of whether the vehicles were moving as, and a part of, interstate commerce, when received and disposed of by Lang, presented a question of fact for determination by the jury. See Parsons v. United States, 5 Cir., 1951, 188 F.2d 878 and the cases therein cited to the text in note 1.

On this issue the court charged, "Now, ladies and gentlemen, it is just possible that you may be confused about the mechanics of handling those cars. It is not the province of either the Government or of the defendant to establish, either pro or con, that it was necessary for those cars to go to Alabama to be registered, or that it was even necessary to transport them here. The plain and simple thing is that they have moved from the State in which they were stolen to another State where they were ultimately disposed of. That covers the interstate feature, the interstate principle or element of the case."

■ First, it will be noted that the court charged that the cars "were stolen." Whether or not the cars were stolen was a question of fact for the jury. No doubt the court inadvertently used such positive language, in effect making a finding for the jury that the cars were in fact stolen. While a reading of the charge might justify a conclusion that the court probably was assuming the fact of theft for the purposes of the charge, nonetheless this is not sufficiently clear to support the instruction as given.

Second, and more important, the last two sentences of the charge as quoted above can be construed only as a finding by the trial court that the cars were moving as, and a part of, interstate commerce when Lang received and disposed of them. This was a vital issue of fact to be determined by the jury and the

1. Section 2313 provides: "Sale or receipt of stolen vehicles. Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

court disposed of it as if it were the trier of the facts. This portion of the charge was clearly erroneous and, had objection been taken to it, it would have constituted reversible error.

This brings us to a troublesome issue. Can this error be reached on the present record? At the conclusion of his charge the trial judge stated that because of its length the court would grant "a general exception to the entire charge." He added that if there were any specific points which Lang's counsel desired to call to the attention of the court he would hear them. Lang's counsel then made seven specific objections to the charge, none of them, however, relating to the particular issue now under discussion. It is obvious, however, from the transcript that Lang's counsel had not concluded his objections when the court, interrupting, said, "* * * I see nothing to bring the jury back for. I have given you an exception to the entire charge." Further colloquy was had by the court and Lang's counsel on the subject of objections. The upshot of it all was that Lang's counsel concluded that his client's rights were protected and that he would not press the matter "any further." [2]

[redacted] Rule 30, Fed.R.Crim.P. 18 U.S.C., states in pertinent part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." It seems that the jury had left the courtroom at the time the trial court called for counsels' objections to the charge but this point is not too relevant under the circumstances of the instant case. What is material, however, is that an objecting counsel is required to state distinctly the matter to which he objects in the charge and the grounds of his objection. The rule is so phrased as to obliterate the general objection to a charge, formerly lodged at common law, which so often created confusion and substantial difficulties for the trial court and counsel. A specific objection informs the trial judge of possible errors on his part and gives him an opportunity to correct them. See United States v. Vasen, 7 Cir., 222 F.2d 3, 5, certiorari denied, 1955, 350 U.S. 834, 76 S.Ct. 70.

[redacted] Had not the court indicated to Lang's counsel that his rights were protected by the general objection, it is possible that counsel would have made specific objections to the erroneous portion of the charge. The court committed error in not permitting Lang's counsel to state his specific objections fully. Counsel for his part was charged with the duty of making objections to the charge as required by Rule 30 of the Federal Rules of Criminal Procedure and should have pointed this out to the court. But the respective positions of court and counsel as to objections to the charge, general or specific, need not be resolved here. The error of the trial judge in the substance of the charge was so fundamental that we must order a new trial despite the fact there was no specific objection taken by Lang's counsel to the language quoted above. United States v. Vasen, supra; United States v. Cumberland, 3 Cir., 1952, 200 F.2d 609, 611; United States v. Pincourt, 3 Cir., 1947, 159 F.2d 917, 919. See Fed.R.Crim.P. 52(b), 18 U.S.C.

2. The colloquy was as follows:

"The Court: Well, Mr. Tomaselli, I see nothing to bring the jury back for. I have given you an exception to the entire charge.

"Mr. Tomaselli: May I finish my——

"The Court: Your rights are protected.

"Mr. Tomaselli: I appreciate that your Honor protects my rights, but the upper court may criticize me.

"The Court: No, they will not for I have given you an exception to the entire charge.

"Mr. Tomaselli: Is that right?

"The Court: Yes.

"Mr. Tomaselli: On that basis, I won't press it any further." Transcript pp. 646–7.

The final point raised by Lang, that it was improper to admit the evidence of an FBI agent as to statements voluntarily made by Lang after his arrest and before arraignment, is without merit.

The judgment will be reversed and a new trial ordered.