John Thomas JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13766.

United States Court of Appeals Sixth Circuit.

Oct. 23, 1959.

---

Norman Roettger, Jr., Cincinnati, Ohio, for appellant.

Fred W. Kaess, U. S. Atty., John R. Jones, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before MARTIN, MILLER and CECIL, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction and sentence in a Dyer Act, 18 U.S.C.A. §§ 2311–2313, case tried by the district court without the intervention of a jury. The appellant was sentenced to four and one-half years' imprisonment.

In our opinion, there was ample substantial evidence to support the judgment of the district court, which was certainly not clearly erroneous. The crucial question was whether or not the owner of an automobile (a woman) had given appellant permission to carry her car from Detroit, Michigan, to a point in West Virginia. The owner stated that she gave appellant no permission to take her car; nor did she say anything to him which would lead him to believe that he had the right to take it. The trial judge believed her testimony. He considered that the defendant-appellant had used the circumstances of a drinking party to steal the automobile keys from the pocket of the owner and then to take the vehicle and drive it from Detroit to Huntington, West Virginia.

Conviction in the instant case should be upheld upon the principles stated in Davilman v. United States, 6 Cir., 180 F.2d 284; Prince v. United States, 6 Cir., 217 F.2d 838; Breece v. United States, 6 Cir., 218 F.2d 819; Garber v. United States, 6 Cir., 145 F.2d 966. There is no merit in the argument that reversible error inheres in the fact that the indictment is not dated. Appellant was in nowise prejudiced thereby. Indeed, the exact time of the filing of the indictment was recorded thereon by the clerk.

The judgment of the district court is affirmed.