Joe A. CUNNINGHAM, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22326.

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1966.

Rehearing Denied March 18, 1966.

Thomas G. Sharpe, Jr., and Hardy, Galindo & Sharpe, Brownsville, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., Homero M. Lopez, Fred L. Hartman, Asst. U. S. Attys., Houston, Tex., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and FISHER, District Judge.

PER CURIAM:

Appellant was convicted by a jury on a one-count indictment charging appellant with assaulting, impeding and interfering with an officer of the Immigration and Naturalization Service, in violation of 18 U.S.C. 111. He asserts three grounds for reversal, none of which is meritorious.

Appellant's first contention involves an allegation of jury misconduct—namely, that the jurors discussed appellant's failure to testify in his own behalf. The affidavit of one juror was submitted to support the contention that this factor may have been considered by the jury in determining appellant's guilt.

■ The trial court refused to allow appellant's counsel to examine the jurors on this point. This ruling was correct, since the case fits within the well-settled general rule that a juror will not be heard to impeach his own verdict. The policy considerations underlying this rule are well stated in McDonald v. Pless, 1915, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300. See also Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L. Ed. 1114; Complete Auto Transit, Inc. v. Wayne Broyles Eng. Corp., 5th Cir. 1965, 351 F.2d 478; Parsons v. United States, 5th Cir. 1951, 188 F.2d 878; and Salibo v. United States, 5th Cir. 1931, 46 F.2d 790.

■ Appellant's second contention is that the court erred in sending the jury back for further deliberations after they indicated (following about three hours of deliberation) that they were deadlocked. While we do not think the court's statement to the jury may be classified as an "Allen charge," Allen v. United States, 1896, 164 U.S. 492, 17 S. Ct. 154, 41 L.Ed. 528, even if the statements were so classified it is quite clear that they did not go beyond "permissible limits." Green v. United States, 5th Cir. 1962, 309 F.2d 852. Stronger language than that used here has been recently upheld by this court in Thaggard v. United States, 5th Cir. 1965, 354 F.2d 735. See also Walker v. United States, 5th Cir. 1965, 342 F.2d 22.

■ Finally, appellant urges that the court erred in failing to charge the jury that the Government had to prove that appellant assaulted, impeded *and* interfered with the Immigration officer, since this conjunctive language was used in the indictment. (The statute [1] itself is worded in the disjunctive). The question of appellant's guilt or innocence in this case turned on whether the jury believed he assaulted the officer, and the court so charged the jury. The fact that the indictment also alleged impeding and interfering neither renders the indictment bad for duplicity nor precludes a conviction if only one of the several allegations linked in the conjunctive in the

[1]. 18 U.S.C. 111.

indictment is proven. Wolpa v. United States, 8th Cir. 1936, 86 F.2d 35, 39. See also Kitchens v. United States, 10th Cir. 1959, 272 F.2d 757; Heflin v. United States, 5th Cir. 1955, 223 F.2d 371.

The judgment is affirmed.