**J. W. WILLIAMSON, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22539.**

United States Court of Appeals Fifth Circuit.

Aug. 29, 1966.

Rehearing Denied Oct. 4, 1966.

Bernard C. Muszynski, Orlando, Fla., Gladstone L. Kohloss, Orlando, Fla., for appellant.

Robert B. McGowan, Charles S. Carrere, Asst. U. S. Attys., Tampa, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX, District Judge.*

THORNBERRY, Circuit Judge:

Appellant Williamson was originally convicted by a jury verdict on all thirteen counts of an indictment arising under 18 U.S.C. § 656 charging appellant with misapplication of bank funds by means of spurious automobile loan transactions. On appeal, this Court reversed and remanded for a new trial on the ground that the charge of the trial court erroneously failed to include a jury instruction with respect to the proper weight to be accorded to the testimony of an accomplice. Williamson v. United States, 5th Cir. 1964, 332 F.2d 123. On the second trial, a jury verdict of guilty was returned on the first and last counts of the original indictment. Appellant was found not guilty on the remaining eleven counts.

On this, his second appeal, appellant sets forth three distinct grounds for reversal. His first contention is that the trial court erred in denying his motion for judgment of acquittal at the close of the Government's case. Secondly, appellant urges that error was committed in denying his motion to inspect and copy his own signed statement given to an agent of the Federal Bureau of Investigation, the right to such inspection being predicated upon the provisions of the Jencks Act, 18 U.S.C. § 3500. Final-

---

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

ly, appellant objects to the trial court's supplemental instruction to the jury in the nature of an "Allen charge," see Allen v. United States, 1896, 164 U.S. 492, 501–502, 17 S.Ct. 154, 41 L.Ed. 528, on the theory that under the circumstances of the case such instruction constituted "plain error" under Rule 52(b), Federal Rules of Criminal Procedure.

■ In support of its case the Government introduced into evidence numerous composit exhibits pursuant to the business records provision, 28 U.S.C. § 1732, such exhibits consisting of loan applications, retail installment contracts, ledger cards, credit reports, and title forms allegedly involved in the spurious loan contracts described in the indictment. Appellant concedes that proper statutory predicate for the introduction of such evidence was laid by the Government, but contends that such evidence failed to specifically connect appellant with the alleged misappropriation of bank funds. Asserting that his connection with the alleged offense was based solely upon vital uncorroborated testimony of an alleged accomplice, appellant apparently urges that the Government had the additional burden of establishing his connection with the alleged misappropriations independently by means of the bank records. In this contention we are unable to concur.

■ It is beyond argument that the law permits conviction in the federal courts on the uncorroborated testimony of an accomplice. Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442; Smith v. United States, 5th Cir. 1965, 343 F.2d 539; Williamson v. United States, supra; Lyles v. United States, 5th Cir. 1958, 249 F.2d 744, cert. denied, 356 U.S. 931, 78 S.Ct. 773, 2 L.Ed.2d 761. This is not to say that such testimony should be received without scrutiny or need never be placed in proper perspective by means of instruction to the jury concerning its use and evaluation. Indeed, it was due solely to the omission of such limiting instruction that this Court, in light of the critical role assumed by uncorroborated accomplice testimony, saw fit to overturn appellant's original conviction in the instant controversy despite the absence of a timely request for such instruction in the charge. Williamson v. United States, supra. Nevertheless, when accomplice testimony is considered by the jury accompanied with proper instruction as to its evaluation (such instruction having been included in the charge on the second trial of this case), even though it be the exclusive factor connecting the defendant with the offense alleged in the indictment, such testimony "is to be accorded whatever credibility the trier of fact may think it deserves." Doherty v. United States, 9th Cir. 1956, 230 F.2d 605. This Court may not upon review retry the case for it is not our function to resolve the credibility issue committed to the jury. Pierce v. United States, 1920, 252 U.S. 239, 251–52, 40 S.Ct. 205, 64 L.Ed. 542; Williamson v. United States, supra, 332 F.2d at 130; Riggs v. United States, 5th Cir. 1960, 280 F.2d 949, 953. In reviewing a motion for acquittal, the evidence must be viewed in the light most favorable to the Government, and the standard utilized by this Court is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude. Strauss v. United States, 5th Cir. 1963, 311 F.2d 926, 931–32.

■ In addition to the vital testimony of Mackin, appellant's alleged accomplice, the record reflects that appellant's initials appeared on both loan applications upon which the two counts of the indictment under which conviction resulted were based. Moreover, neither individual whose name was utilized in the sham transaction purported to know alleged accomplice Mackin nor did Mackin purport to know him. Both individuals, however, had previously done business with the bank in which appellant was employed as assistant cashier. Appellant, not Mackin, had access to prior, legitimate installment loan files from which

personal history of the two applicants was transposed to the subsequent fake applications. Under these facts we would be amiss to find that there was insufficient evidence to warrant jury submission. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Edwards v. United States, 5th Cir. 1964, 334 F.2d 360, cert. denied, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702; Williamson v. United States, supra; Peel v. United States, 5th Cir. 1963, 316 F.2d 907.

Appellant predicates his second point of error upon the trial court's denial of his motion to inspect and copy his own signed statement voluntarily given to agents of the Federal Bureau of Investigation. In the course of appellant's trial, agent John J. O'Brien was called as a Government witness for the purpose of testifying as to certain handwriting samples which he and another agent had obtained from appellant. The samples were received into evidence without objection. In response to a question posed by Government counsel concerning the length of time he had spoken with appellant on that occasion, O'Brien stated:

> "A. There was a considerable period that we spoke with him because he did furnish a *signed statement,* and also he did furnish us these samples of his handwriting." (Emphasis added.)

No further inquiry concerning the "signed statement" was directed to O'Brien during the remainder of the examination, nor did he testify as to the contents of the statement. In response to inquiries out of the presence of the jury, however, O'Brien stated that he had utilized the statement to refresh his memory prior to trial and that no other report of the interview with appellant was made by any agent to the Federal Bureau of Investigation.

Appellant strenuously urges that under these circumstances he was entitled to inspect and copy such statement on the theory that it had been *adopted* by O'Brien and thus qualified as a "statement" of a Government witness entitled to disclosure under subsection (e) (1) of the Jencks Act, 18 U.S.C. § 3500, which provides for disclosure of "a written statement made by said witness and signed *or otherwise adopted or approved by him."* (Emphasis added.) We do not agree.

One of the most important motives behind the enactment of the Jencks Act was the apprehension that a broad interpretation of the Supreme Court's opinion in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, would compel indiscriminating production of the records of Government agents, regardless of their character. The plain intent of the act was thus to protect Government files by a restrictive definition of "statements," to limit disclosure to those statements relating to the testimony of Government witnesses, and to restrict the use of such statements to impeachment purposes only. Palermo v. United States, 1959, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287; Saunders v. United States, 1963, 114 U.S. App.D.C. 345, 316 F.2d 346, cert. denied, 1964, 377 U.S. 935, 84 S.Ct. 1339, 12 L.Ed.2d 299. Accordingly, to justify disclosure appellant must bring his statement within the carefully defined ambit of the act.

Under the facts of this case, we conclude that subsection (e) (1) of the Jencks Act is unavailable to appellant. Even if it be seriously contended that witness O'Brien adopted appellant's statement as his own (O'Brien's) report of the interview, subsection (b) of the act clearly requires that in order to justify disclosure the statement must also "relate to the subject matter of the testimony of the witness." 18 U.S.C. § 3500 (b). In response to appellant's request for disclosure of his statement, the Government followed the approved procedure of submitting the statement in controversy to the trial judge for purposes of an in camera determination of its relevancy pursuant to subsection (c) of the act. 18 U.S.C. § 3500(c); see Palermo v. United States, supra, 360 U.S. at 354, 79 S.Ct. at 1225. Upon examination of

appellant's statement we are satisfied that the trial court properly ruled that such statement had no relation whatever to the limited point concerning which the witness testified, and thus committed no error by withholding it from appellant.

■ Neither was appellant entitled as a matter of right to inspect or copy his statement under the provisions of Rule 16, Federal Rules of Criminal Procedure, as in effect at the time of his trial.[1] "[A]lthough it may be the 'better practice' for the prosecution to comply with a request for inspection," Cicenia v. La Gay, 1959, 357 U.S. 504, 511, 78 S.Ct. 1297, 1301, 2 L.Ed.2d 1523, 1529, it has been uniformly held that the statement or confession of a defendant does not constitute a document in the custody of the defendant at the time the Government acquired possession of it. Such statement cannot properly be viewed as something of which there has been an appropriation from the defendant of any prior right of possession, nor is it in a legal sense anything "belonging" to him. United States v. Murray, 2d Cir. 1962, 297 F.2d 812, cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794; Schaffer v. United States, 5th Cir. 1955, 221 F.2d 17; Shores v. United States, 8th Cir. 1949, 174 F.2d 838, 11 A.L.R.2d 635.

■ Finally, appellant urges that under the circumstances of his case the trial court erred in submitting supplemental instructions to the jury in the nature of an "Allen charge." See Allen v. United States, supra. Appellant properly concedes that the nature of the charge alone was insufficient to constitute a ground for reversal. He contends, however, that the fact that the charge was given after the jury had deliberated approximately eleven and one half hours, coupled with the court's statement that the jurors would "not be kept past noon" if unable to reach a verdict, served to influence a "compromise verdict." We reject this contention.

Prior to giving the instructions in controversy the trial court, before recalling the jury, informed both parties as to the nature of the proposed supplemental instruction, and gave both parties ample opportunity to voice objections. Neither the Government nor appellant voiced any objection whatsoever. Again, after the jury had been given such supplemental instructions and sent back for further deliberation, the court asked for objections. Once more, appellant raised no objection. Notwithstanding such failure to advance a timely objection, however, appellant would now have us conclude that submission of the supplemental instruction constituted "plain error." F.R.Crim.P. 52(b). In Thaggard v. United States, 5th Cir. 1965, 354 F.2d 735, cert. denied, 1966, 384 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301, this Court recently sustained an Allen-type charge the language of which was concededly more forceful than that included in the charge involved here. Id. at 738, n. 2; see Walker v. United States, 5th Cir. 1965, 342 F.2d 22, cert. denied, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97; Cunningham v. United States, 5th Cir. 1966, 356 F.2d 454, cert. denied, 384 U.S. 952, 86 S.Ct. 1573, 16 L.Ed.2d 548. In that case the jury was well into its second day of deliberation when the charge was given. We therefore hold that notwithstanding the circumstances upon which appellant relies, the supplemental instruction in this case cannot be viewed as transgressing permissible limits so as to constitute "plain error" within contemplation of Rule 52.

Accordingly, the judgment of the district court is affirmed.

---

1. F.R.Crim.P. 16, as amended, effective July 1, 1966, now provides in pertinent part that "[u]pon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * *." F.R.Crim.P. 16 (a) (1).