**UNITED STATES of America,**
**Appellee,**

v.

**Jay Dennis BENNETT, Also Known as**
**Jerry Dennis Andrews, Appellant.**

**No. 19956.**

United States Court of Appeals,
Eighth Circuit.

June 24, 1970.

Charles A. Feste, Fargo, N. D., for appellant and filed brief.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellee, Harold O. Bullis, U. S. Atty., and Eugene K. Anthony, Asst. U. S. Atty., were on the brief.

Before MEHAFFY and BRIGHT, Circuit Judges, and HARPER, Chief District Judge.

MEHAFFY, Circuit Judge.

Defendant, Jay Dennis Bennett, also known as Jerry Dennis Andrews, was convicted by trial to a jury under an indictment charging that he violated 18 U. S.C. § 2312 by taking an automobile from Seattle, Washington on or about October 18, 1968 and transporting it into the State of North Dakota, knowing the vehicle had been stolen.

This appeal raises the issue of sufficiency of the evidence, the defendant having moved for a judgment of acquittal at the close of the government's case which motion was renewed at the conclusion of the trial, and defendant also claims error relating to the instructions given by the court. We affirm.

*Sufficiency of the Evidence.*

In considering the evidentiary sufficiency, we must view the evidence in the light most favorable to the jury verdict. United States v. Fryer, 419 F.2d 1346 (8th Cir. 1970).[1]

1. In United States v. Fryer, 419 F.2d 1346, 1349–1350 (8th Cir. 1970), we said:
   "In determining the sufficiency of the evidence, we must as a reviewing court consider the evidence in the light most favorable to the jury verdict, (citing cases) and accept as established all reasonable inferences that tend to support the action of the jury. (Citing cases.)
   "Dyer Act cases sometimes present serious problems even when the defendant is an occupant of a stolen car and while there might seem to be a lack of harmony in the decisions close review of the cases indicates that each must be decided on its particular facts. In an opinion recently handed down by this court involving a Dyer Act case there was no direct evidence connecting the defendant with the commission of the crime or indicating that he was ever

The automobile involved was a white 1967 Volkswagen and it was stolen from Carter Motors, Inc. of Seattle, Washington between October 18 and October 21, 1968. At the time the Volkswagen was stolen from the dealer, the certificate of title and the ignition key were in the possession of Carter Motors, Inc. In the vehicle at the time it was stolen was a pink temporary registration certificate reflecting Carter Motors as the owner. The current registration IBM card which bore the name of Carter Motors was also in the vehicle.

On November 22, 1968, a North Dakota state highway patrolman observed the Volkswagen on the highway bearing a white license plate of the State of Washington. He had previously seen this automobile with a red license plate on it, and, upon ascertaining through an NCIC check that the automobile had been stolen, defendant, who was driving the car, was placed under arrest and taken a short distance into Cavalier, North Dakota. The keys furnished the officers by defendant did not fit the door lock and the officers entered the automobile by opening a vent window which showed evidence of previous forced entry. Upon entering the car, the key that had been furnished did not fit the ignition, and the officers then observed a jumper device attached under the dash which had been used to start the vehicle.

Upon obtaining the consent of defendant, the state highway patrolman and county sheriff searched the Volkswagen and found a red Florida license plate and a Missouri license plate. They also found the pink registration certificate which had been cut in half and altered. A copy of the motor company's registration form was introduced to show the extent of the alteration. Also found in the car was an IBM card which had been altered by erasing the name of Carter Motors and substituting that of Jay Bennett. The FBI was notified and an agent arrived in Cavalier about 5:30 p. m. on the date of the arrest. The FBI agent testified that defendant told him, "I knew the car was stolen but I didn't steal it." Defendant denied having admitted knowing the car was stolen and gave as his version that he had met an individual he knew as Rodney Henderson in Los Angeles, California, and purchased the automobile from him. He said that several money orders were purchased by one Joan Bisauta with money given her by defendant and sent by him to Henderson at Bremerton, Washington as partial payment for the purchase of the automobile; that later he went to Seattle, met Henderson, completed the payments and received delivery of the automobile. He said that he completed an application for a certificate of title in February of 1968 and that he received a bill of sale at the time of the delivery of the automobile, but he could not produce either.

Defendant admits that he drove the automobile to California, then to Florida by way of Texas, that he stayed in Flor-

an occupant of the stolen car, but the circumstances were such that an affirmance was required. This court, speaking through Judge Matthes, in United States v. Robinson, 419 F.2d 1109 at p. 1111 (8th Cir. Nov. 28, 1969), said: " 'The crux of appellant's position is found in his assertion that "there was not one scintilla of evidence whatsoever placing appellant in any custody and/or possession of the 1966 Cadillac at any time from the date of the alleged theft on December 1, 1967, through the date of his arrest on February 27, 1968." To be sure, the government did not prove this vital element of the offense by direct or testimonial evidence, but such failure was not fatal. The principle is deeply entrenched that an offense may be proved by, and the conviction rest upon, circumstantial evidence. (Citing cases.) " 'Being mindful that the verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it (citing cases), we have no difficulty in concluding that the sum total of the evidence, including all reasonable inferences drawn therefrom, was sufficient to warrant the jury in finding that the appellant was an active participant in and guilty of the offense of which he stands convicted.' "

ida approximately one month, and that he then drove to North Dakota by way of Georgia, Missouri and Minnesota. Defendant was unable to corroborate any portion of his story. He denied any knowledge of the red Florida license plate which was found in the car, but it was shown by the evidence that this license plate had been on the automobile only the day before he was apprehended. He also denied any knowledge of the Missouri license plate which was found in the car. The government was unable to find Henderson, the person who allegedly had sold the automobile to defendant. The jury, however, is the trier of the facts, and as Judge Heaney said in a recent Dyer Act case, United States v. Brady, 425 F.2d 309, 312 (8th Cir. 1970):

> "He did offer an explanation for this conduct, but the jury was free to disregard his testimony and obviously did so. See, Babb v. United States, 351 F.2d 863 (8th Cir. 1965); Phillips v. United States, 206 F.2d 923 (10th Cir. 1953); United States v. Guido, 200 F. 2d 105 (2nd Cir. 1952)."

■ Obviously, the jury did not believe defendant's uncorroborated version relating to his acquisition of the automobile, and we find ample evidence to support the court's denial of defendant's motion for judgment of acquittal.

*Instructions.*

Defendant argues that the court erred in giving the following instruction:

> "I charge you that there are two essential elements required to be proved in order to establish the offense charged in the indictment. First, the act or acts of transporting or causing to be transported in interstate commerce a stolen motor vehicle as charged, and second, doing such act or acts willfully and with knowledge that the motor vehicle has been stolen. The offense is complete when the two elements just

stated are established by the evidence in the case."

The argument runs that four elements are required to constitute the crime, three as contained in the statute: (1) that the automobile had been stolen; (2) that the accused transported it in interstate commerce; and (3) that he knew it had been stolen at the time of such transportation. Additionally, he argues that there is inherently provided in any crime a fourth element which in this case would require proof that defendant must have had an intent to permanently or temporarily deprive the owner of the property. The short answer to defendant's argument is that the court specifically instructed the jury on all elements of the offense.

The statute under which defendant was convicted, 18 U.S.C. § 2312, reads as follows:

> "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The government has pointed out in its brief that the instruction given by the district court which defendant here complains of was taken almost verbatim from Kramer v. United States, 408 F.2d 837 (8th Cir. 1969). This is indeed true, and actually the instruction merely paraphrases the statutory language quoted above. Furthermore, a review of the court's charge as a whole clearly reflects that the court specifically instructed the jury as to the elements of the crime which defendant now complains were absent from the isolated portion of the charge previously quoted. For example, the court included in its charge the following:

> "One essential element of the offense charged in the indictment is knowledge of the Defendant that the automobile was a stolen motor vehicle at the time the offense was committed. If you should find that the accused in

good faith believed that he owned some interest in the automobile in question or in good faith believed that he had the right to possession of the motor vehicle at the time and place of the alleged offense, then the Defendant cannot be found to have willfully transported or caused to be transported a stolen motor vehicle in interstate commerce and you should acquit.

"* * * Whenever a motor vehicle which is the property of one person is acquired as a result of some wrongful or dishonest act whereby another person either willfully obtains or thereafter willfully retains possession of such property with the intent to deprive the owner of the benefit of ownership, such motor vehicle is a stolen motor vehicle as that term is used in these instructions."

■ This court has always been committed to the view that as a reviewing court we must view the instructions in their entirety in resolving an issue such as this. We said in Franano v. United States, 310 F.2d 533, 538 (8th Cir. 1962):

"A charge must be viewed in its entirety in determining whether a jury would have been misled or unduly influenced by the portions to which objection has been made. (Citing cases.)"

This court in Kramer v. United States, *supra*, 408 F.2d at 840, said that the instructions "when read as a whole, properly charged the jury on the legal essentials of the offense and on the proof necessary for conviction."

■ In the instant case, the jury was fully and properly instructed and a consideration of the instructions leads us to conclude that every conceivable theory of defense was adequately and fairly protected.

The judgment of conviction is affirmed.