[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 15-12612; 15-15424
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cv-02448-AEP

EDDIE K. TAYLOR,

Plaintiff-Appellee,

versus

GEICO INDEMNITY COMPANY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(August 29, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

GEICO Indemnity Company challenges the denial of its motions for judgment as a matter of law and for a new trial. Fed. R. Civ. 59(a), 50(b). While Eddie K. Taylor was insured by GEICO, he injured Ronald Donnerstag in an automobile accident after which GEICO rejected Donnerstag's requests to settle the matter within Taylor's policy limits. Taylor sued GEICO for breaching its duty of good faith by failing to pay, and a jury returned a verdict for Taylor. The district court denied the post-trial motion of GEICO on the grounds that the evidence was sufficient to support the verdict; that its challenges to evidentiary rulings lacked merit; and that the jury instructions were consistent with Florida law. We affirm.

## I. BACKGROUND

Taylor turned his automobile left across Donnerstag's lane of traffic, which caused Donnerstag to collide with Taylor's vehicle and to be thrown from his motorcycle. GEICO determined that Taylor was predominantly at fault and that Donnerstag's bodily injuries far exceeded Taylor's coverage limit of $10,000, but GEICO failed to disclose that information to Taylor. GEICO sent Taylor a letter informing him of his limits of coverage and of the "possibility" that he could be responsible if the claims from the accident exceeded those limits. GEICO contacted Donnerstag's insurer, Allstate Insurance, and learned that it was indemnifying Donnerstag for the total loss of his motorcycle, which appraised at $5,563.80. GEICO did not request a copy of the appraisal or permission to inspect

2

the motorcycle. GEICO also learned that Donnerstag had retained an attorney, R. Waylon Thompson, but Thompson denied being hired by Donnerstag.

On June 3, 2009, Donnerstag sent a letter to GEICO requesting that it "[s]end all insurance money you can" because "Allstate is only paying $5,500" for his motorcycle, which is "worth $7,000"; the accident ruined his clothing and a helmet that cost $241; his wife had incurred $583 in gasoline and food expenses; and they had to pay "$150 a day to rent" a motorcycle. GEICO did not inform Taylor that he could be responsible for the difference between the fair market value and the appraised value of Donnerstag's motorcycle or that Taylor's policy could cover the difference. GEICO verified with Allstate that Donnerstag was disputing its appraisal of his motorcycle.

On June 15, 2009, a regional claims manager for GEICO made an entry in Taylor's file questioning if Donnerstag's demand for property damage created "a [c]oncern." The next day, a claims adjuster called the hospital where Donnerstag had been treated and learned that he had incurred medical bills totaling $140,981.78, but this information was not shared with Taylor. On June 17, 2009, GEICO mailed to Donnerstag a package containing a release form, a letter that explained it would "not cover" his food and gasoline expenses as property damage, one check made payable to Donnerstag and the hospital in the amount of the $10,000 cap on Taylor's coverage for bodily injury, and another check made

3

payable to Donnerstag for $241 to indemnify him for his clothing and helmet. GEICO provided a copy of those materials to Taylor. On June 29, 2009, the regional manager for GEICO made a second entry in Taylor's file expressing concern that Donnerstag had not "[a]ccepted" the check for bodily injury and that he might intend to "[t]ie" his demands for property damage and bodily injury. Because GEICO had addressed its package mistakenly to Robert Donnerstag, his wife refused delivery and the package was returned to GEICO.

On July 6, 2009, Donnerstag contacted GEICO and learned about the misdelivery of its package and that it would not reimburse him for gasoline and food expenses. The claims adjuster who spoke with Donnerstag did not ask to inspect his motorcycle and also did not inquire whether Donnerstag was conditioning his settlement on payments for bodily injury and property damage. GEICO did not inform Taylor of the conversation. Three days later, Donnerstag sent GEICO a letter that it denied receiving. The letter stated,

> . . . We still want to settle our case if you could get the check back from [the hospital] and make it out to me and my wife. You can also put [the hospital] on the check for $10,000. We also think you should pay the $2,000 for the motorcycle and the rental cost we asked for. If you can agree, we will sign anything you need. If you cannot pay, please write us and tell us what you can pay. We need the money by the end of the month.

On July 13, 2009, GEICO mailed Donnerstag another package containing the letter explaining it would not cover his food and gasoline expenses and checks

4

for $10,000 and $241, and a check for $500 as reimbursement for the deductible that Donnerstag paid Allstate. On August 11, 2009, Donnerstag wrote to GEICO, "My motorcycle was worth $7,000.00 Allstate has only agreed to pay me $5,063.80. You have sent a check for $500. Can you pay the other $1,436.20. My wife and I will sign any paperwork you need. We want to finish this settlement in the next ten days." On August 18, 2009, GEICO sent Donnerstag a letter stating that it was "only able to pay the value of [his] motorcycle" and inquired whether he had "presented proof [that the motorcycle was worth $7,000] to [his] carrier to consider."

On August 27, 2015, Donnerstag rejected the offer from GEICO. Donnerstag returned the checks to GEICO accompanied by a letter stating that they were "sorry we could not reach an agreement." The next day, GEICO received a letter from Donnerstag's attorney, Thompson. GEICO notified Taylor of the impending lawsuit. Later, GEICO informed Taylor that the Donnerstags refused to settle because they sought an additional $1,436.20 for his motorcycle.

The Donnerstags sued Taylor, and a jury returned a verdict in favor of the Donnerstags. The jury awarded more than $900,000 to compensate the Donnerstags for past and future medical expenses, past and future pain and suffering, property damage, and the loss of consortium by Ms. Donnerstag.

5

Taylor filed in a Florida court a complaint against GEICO for breaching its duty of good faith. GEICO removed the action to the district court. Taylor presented testimony from Donnerstag, an expert witness, and GEICO employees. The jury found that GEICO acted in bad faith and answered in the negative interrogatories inquiring whether GEICO had proved that the Donnerstags had been unwilling to settle their claims against Taylor and that it had been denied a reasonable opportunity to settle the Donnerstags' claims against Taylor.

## II. STANDARDS OF REVIEW

This appeal is governed by two standards of review. We review *de novo* the denial of a motion for a judgment as a matter of law and view the evidence in the light most favorable to the nonmovant. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). We review the denial of a motion for a new trial for abuse of discretion. *Id.* at 1255. "Deference to the district court is particularly appropriate where a new trial is denied and the jury's verdict is left undisturbed." *Id.* at 1255 (quoting *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir. 2001)).

## III. DISCUSSION

GEICO seeks relief from the jury verdict on four grounds. First, GEICO argues that it was entitled to judgment as a matter of law because the evidence was insufficient to prove it acted in bad faith. Second, GEICO argues that it was

entitled to a new trial because it was unfairly prejudiced by the admission of testimony from Taylor's expert witness. Third, GEICO challenges the admission of evidence about the amount of the Donnerstags' judgment against Taylor and the exclusion of evidence about the date that the Donnerstags retained counsel and Taylor's receipt of a citation for driving with a suspended license. Fourth, GEICO argues that the district court instructed the jury and submitted to it interrogatories that erroneously shifted the burden of proof to GEICO. We reject each of these arguments in turn.

There was sufficient evidence for the jury to find that GEICO acted in bad faith. Under Florida law, which the parties agree applies, an insurer is obligated to handle claims against its policyholder with diligence and care and must "investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 669 (Fla. 2004) (quoting *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So.2d 783, 785 (Fla. 1980)). GEICO argues that it acted in good faith by tendering checks to the Donnerstags and that they were "not willing to settle," but they stated unambiguously that they "want[ed] to settle" in their letters to GEICO. GEICO also argues that "the Donnerstags dampened [its] ability to participate in settlement negotiations by failing to allow [it] to inspect the

7

motorcycle," but GEICO knew the location of the motorcycle yet never sought permission from the Donnerstags or their insurer to examine it. GEICO contends that it was not "reasonably notified" that the Donnerstags intended to "t[ie] together their claims for settlement," yet GEICO perceived that was an issue from the Donnerstags' letters, recorded its concerns in the Donnerstag file, and declined to inquire how the Donnerstags wanted to structure their settlement. GEICO also argues that Taylor cannot prove causation—that is, its failure to pay Donnerstag $1,436.20 for his motorcycle, which is the amount the jury awarded Donnerstag for property damage, did not cause Taylor to incur a judgment exceeding $900,000 for Donnerstag's bodily injuries—but Donnerstag's letters and testimony established that he would have accepted $10,000 for his bodily injuries had GEICO paid him the amount he requested for his motorcycle.

GEICO challenges the admission of testimony from Taylor's expert witness on three grounds, all of which fail. First, GEICO argues that it was unfairly prejudiced when the expert was permitted to testify about the Donnerstags "tying together" their claims for bodily injury and property damage, but GEICO failed to object to the testimony to preserve the matter for appellate review. *See* Fed. R. Evid. 103(a)(1); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1503 (11th Cir. 1985). Second, GEICO argues that the expert was allowed to "improperly attack" the insurer for making the check for bodily injuries payable to the hospital,

8

but GEICO cannot obtain relief based on the admission of testimony that it elicited from the expert on cross-examination. *See United States v. Rosenthal*, 793 F.2d 1214, 1245 (11th Cir. 1986) (It "would circumvent our entire judicial system to allow one to elicit testimony at trial and later allow that person to complain of its admissibility on appeal."). Third, GEICO  argues that the expert "testif[ied] beyond the scope of his deposition testimony," but GEICO did not object to this testimony either. *See* Fed. R. Evid. 103(a)(1); *Hendrix*, 776 F.2d at 1503.

GEICO challenges evidentiary rulings on three grounds, but these arguments fail too. First, GEICO argues that Taylor twice violated an order in limine excluding evidence about the amount of the judgment against him. GEICO contends that Taylor improperly elicited testimony from his expert that the award for property damage exceeded the limits of Taylor's policy, but GEICO waived the argument by stating that it had "no" objection to allowing Taylor to elicit the information from his expert. *See Lindsey v. Navistar Int'l Transp. Corp.*, 150 F.3d 1307, 1315 n.2 (11th Cir. 1998). GEICO also complains that Taylor improperly "elicit[ed] testimony from [a claims adjuster] as to the specific amount of the property damage" award, but the district court eradicated any prejudice caused by the adjuster's nonresponsive answer by admonishing him and instructing the jury to disregard the adjuster's "testimony as to the amount." *See Woods v. Gettelfinger*, 108 F.2d 549, 551 (5th Cir. 1939) (concluding that an error caused when a witness

9

"interjected, not in response to a question, a [prejudicial] statement" was cured when the district "court promptly instructed the jury to disregard that statement"). Second, GEICO argues that its efforts to prove the Donnerstags never intended to settle was hampered when "the district court erroneously granted Taylor's *Motion in Limine*, preventing GEICO from publishing evidence . . . [that the Donnerstags' attorney asserted] an attorney client privilege over communications" before a certain date, but the district court denied Taylor's motion in limine. And, as the district court stated, "portions of [the attorney's] deposition were read into the record" during trial and "GEICO . . . fails . . . [to identify] the portions [of the deposition] it believes the exclusion of which prejudiced its ability to defend." Third, GEICO argues that its inability to introduce evidence that Taylor received at the scene of the accident a citation for driving with a suspended driver's license prevented it from proving he was unable "to meaningfully contribute to settlement opportunities above his policy limits," but the district court reasonably determined that "the relationship between the evidence and the . . . affirmative defense at issue [was] simply too attenuated," *United States v. Hurn*, 368 F.3d 1359, 1366 (11th Cir. 2004). As stated aptly by the district court, "to assert Mr. Taylor's purported inability to contribute to a settlement agreement follows in any way from his alleged[] driving with a suspended license requires the attenuated assumption that he did so as a result of financial constraints and/or problems."

10

GEICO's argument that the jury instructions and special verdict form unfairly shifted to it the burden of proof fails also. Consistent with the proposed instructions submitted by GEICO requesting the jury to consider its "affirmative defense," the district court instructed the jury that GEICO had to prove that the Donnerstags were unwilling to settle their claims and that GEICO was not presented a reasonable opportunity to settle the Donnerstags' claims. And the treatment of the issues is consistent with state law, which provides that "the insurer has the burden to show not only that there was no realistic possibility of settlement within policy limits, but also that the insured was without the ability to contribute to whatever settlement figure that the parties could have reached." *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12, 14 (Fla. Dist. Ct. App. 1991).

## IV. CONCLUSION

We **AFFIRM** the judgment against GEICO.