## WOLF v. UNITED STATES.

### GLENN v. SAME.

Circuit Court of Appeals, Seventh Circuit. November 12, 1929.

Rehearing Denied January 18, 1930.

Nos. 4134, 4135.

Frank C. Dailey and Homer Elliott, both of Indianapolis, Ind., and Joseph R. Roach, of Chicago, Ill., for appellant.

Albert Ward, of Indianapolis, Ind., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The parties will be described as in the District Court.

Defendants were convicted and sentenced to the penitentiary and to pay substantial fines for violation of the Conspiracy and the National Motor Vehicle Theft Acts (18 US CA §§ 88, 408). Each separately prosecutes his writ of error. The assignments of error are similar, however, and both writs will be disposed of in one opinion.

The errors assigned relate to the sufficiency of the evidence to support a conviction, the instructions of the court, the alleged failure of one count of the indictment to state a cause of action, and the construction of section 408, title 18, of the United States Code (National Motor Vehicle Theft Act).

The section involved reads:

"Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished," etc.

It is for a violation of this section and for participating in a conspiracy to violate it that defendants were tried, convicted, and sentenced. Both defendants assert their innocence. Both gave the government a full statement before their indictment. Both took the stand and gave a full account of the transactions out of which the alleged crimes arose.

Defendants' chief reliance here is bottomed on an utter absence of evidence to support the conviction. Other assignments of

error urged arise out of this defense or are closely related to it.

Innocence is predicated upon two grounds—(a) absence of knowledge that the car was stolen, and (b) a want of evidence to show the car was "moving as, or which is a part of, or which constitutes interstate or foreign commerce." In short, defendants contend, first, that the evidence fails to show the commission of the crime charged, and, second, that, if a crime was committed, they were not participants in its commission.

The facts are somewhat involved, but, for the purpose of stating the issues, only a general outline will be sketched.

Fisher Bros. Company of Cleveland, Ohio, purchased a new Lincoln coupé December 10, 1927, for which it paid $5,500. This car was stolen January 1, 1928, and later moved to Indianapolis, where defendant Wolf purchased it for $2,000 on or about the 20th day of March, 1928. Defendant Glenn acted for Wolf in making the purchase.

On February 16, 1928, the state of Indiana issued a certificate of title for the car in question to one Frank Moore, a somewhat mysterious person who could not be produced by either party at the trial. A man by that name offered the car to Glenn, who in turn showed it to his friend Wolf. Moore described himself to Glenn as being a former bootlegger, who, with his partner, had used the car to transport liquor. He further said that the partnership was at an end, and that his partner was in Cleveland, and that he was going to California as soon as he sold the car. He asserted authority to sell the car.

As to the value of the automobile, the testimony was conflicting. Opinions varied. A most persuasive expression of opinion came from the owner of the Ford agency in Indianapolis, who offered Wolf $2,600 in trade for a new Lincoln car.

Proof of defendants' knowledge that the car was stolen is restricted to circumstantial evidence and to inferences drawn from such evidence pointing to defendants' guilty participation. Defendants characterize this evidence as a mass of suspicions, the sum total of which fails to rise to the dignity of evidence of guilt. The government relies on the presumption which Wolf's possession of the stolen car created to supplement the evidence which it asserts called for explanation and which defendants failed to produce.

In our view of the case, it will be necessary to consider only one assignment of error. This assignment deals with the want of evidence to establish the necessary fact that the automobile was "moving as, or which is a part of, or which constitutes interstate or foreign commerce," during any of the time that either defendant had anything to do with it.

The burden was upon the government to show that the car was a part of interstate commerce when defendants received it. It was not necessary, however, for the prosecution to allege or prove that defendants *knew* the car was moving in interstate commerce when it came into their possession. The statute does call for some knowledge on the part of the accused. But the essential knowledge is limited to the existence of information that the car was stolen. The statute defining the crime specifies knowledge of the stolen character of the car as a necessary element. The failure to include knowledge of its interstate character, under these circumstances, is significant. Expressio unius, exclusio alterius. See Katz v. U. S. (C. C. A.) 281 F. 129; Le Fanti v. U. S. (C. C. A.) 259 F. 460.

Nor can we accept as entirely analogous those cases which deal with the situs of commodities which are the object of lawful purchase and sale transactions such as wheat, coal, and oil shipments, illustrated by Bacon v. Illinois, 227 U. S. 504, 33 S. Ct. 299, 57 L. Ed. 615; General Oil Co. v. Crain, 209 U. S. 211, 28 S. Ct. 475, 52 L. Ed. 754; Carson Petroleum Co. v. Veil, 279 U. S. 95, 49 S. Ct. 292, 73 L. Ed. 626; Susquehanna Coal Co. v. South Amboy, 228 U. S. 665, 33 S. Ct. 712, 57 L. Ed. 1015; Southern Pacific Co. v. Arizona, 249 U. S. 472, 39 S. Ct. 313, 63 L. Ed. 713; Coe v. Errol, 116 U. S. 517, 6 S. Ct. 475, 29 L. Ed. 715; Brown v. Houston, 114 U. S. 622, 5 S. Ct. 1091, 29 L. Ed. 257; Emert v. Missouri, 156 U. S. 296, 15 S. Ct. 367, 39 L. Ed. 430. These cases define interstate commerce. They mark the point where interstate commerce begins. Coe v. Errol, supra. Also where it ends. Brown v. Houston, supra. And they recognize that an article of interstate commerce may become intrastate commerce at any moment. Bacon v. Illinois, supra.

These decisions, however, are distinguishable in several respects. (a) The courts were there making findings of fact. Here we are required to ascertain whether any evidence exists that called for submission to the jury. (b) The above cited cases dealt with honest transactions with merchandise which was the lawful subject of barter and sale. It would be much more natural and logical to assume that the situs of a stolen automobile is inconstant than the situs of wheat unloaded in a warehouse or of oil placed in tanks at large distributing points. The stay of a stolen au-

tomobile at a designated place is neither as long nor as definite, ordinarily.

█ The government relies upon a presumption asserted to arise from the introduction of evidence, which showed the car was stolen and later found in defendants' possession, and that these two facts (the time between theft and possession being short) raised a presumption (perhaps here better called an inference) that defendants stole the car and transported it in interstate commerce. In support of this argument, counsel cite Drew v. U. S. (C. C. A.) 27 F.(2d) 715, and Rosen v. U. S. (C. C. A.) 271 F. 651. But the presumption, even if it include the fact of transportation in interstate commerce, has certain limitations. Not only must the date and circumstances be such as to justify the inference, but the possessor may, to the jury's complete satisfaction, explain his possession on the hypothesis of honest dealings. In such case the presumption falls. In fact, the establishment of these two facts, theft and possession shortly thereafter, merely call for explanation on the part of the possessor of the stolen goods.

In the instant case, there is not a scintilla of evidence to suggest that either defendant stole the car or that either defendant knew of the stolen car's existence until it was in Indianapolis. Neither could have participated in its theft nor its removal from Cleveland to Indianapolis.

Every word of testimony thereon points to the fact that the car was stolen January 1, 1928. With almost equal certainty it appears that the car was moved to Indianapolis prior to February 16, 1928, and that neither defendant learned of its existence until about March 13, 1928. The presumption upon which the government relies, therefore, must be eliminated.

With this presumption eliminated, we find nothing in the evidence that supports the verdict. It would serve no useful purpose to discuss the evidence, nor can aid be obtained from the reported cases involving similar questions. No two cases are exactly alike. Each case must be decided upon the facts established in that case. In the instant case, we are unable to find any evidence that would justify a jury in finding that the automobile was "moving as, or which was a part of, or which constituted interstate or foreign commerce" when the defendants, or either of them, obtained possession of it.

This being the situation, it follows necessarily that the judgment should be, and is hereby, reversed.