## PHILLIPS v. UNITED STATES.
### No. 4655.

United States Court of Appeals
Tenth Circuit.

Aug. 17, 1953.

Albert Brenman, Denver, Colo., for appellant.

Roger K. Allen, Asst. U. S. Atty., E. D. of Okl., Stilwell, Okl. (Frank D. McSherry, U. S. Atty., E. D. of Okl., McAlester, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

Appellant was charged by an indictment containing two counts. The first count charged a violation of 18 U.S.C.A. § 2312. The second count charged that appellant on May 26, 1951, in the Eastern District of Oklahoma, received and concealed a stolen motor vehicle which was moving in interstate commerce and which he then knew had been stolen.[1] Appellant entered a plea of not guilty to each count of the indictment. At the conclusion of the evidence, the United States elected to stand upon count two and dismissed count one. The jury returned a verdict of guilty on count two. Appellant was sentenced to the custody of the Attorney General for imprisonment for a period of five years.

The evidence established these facts: The automobile described in the indictment was stolen at Wichita, Kansas during the night of May 23, 1951, while parked in front of the owner's residence. On the morning of May 26, 1951, the Police Department at Muskogee, Oklahoma received a report that a person had obtained gas for the stolen automobile at a filling station in Muskogee, and that the automobile bore a license tag 1951 Oklahoma 33–1505. The police observed the stolen automobile, bearing such Oklahoma license tag, traveling past the Muskogee Police Station and started in pursuit thereof. The driver pulled over to the curb and parked near the Blue Grill Cafe. The driver of the automobile was appellant. The police officers took him into custody. They found a set of keys in the automobile that did not fit the ignition lock. A connection around the ignition was wired by a "jump wire" and the car was operated by such wire without turning on the ignition. A criminal charge was filed against appellant. Thereafter, on May 28, 1951, Charles W. Sizemore, a Special Agent for the Federal Bureau of Investigation, and R. L. Keaton, a detective of the Muskogee Police Department, interviewed appellant. He admitted that he knew that the automobile had been stolen and that he had been in Wichita. He denied that he had stolen the automobile or transported it from Wichita to Muskogee. He stated that he got the car from a friend, but refused to tell his name. He did not state when he received the automobile.

In order to establish the offense charged in the second count of the indictment, it was necessary to prove that appellant knew that the automobile had been stolen and with such knowledge received or concealed the automobile in the Eastern District of Oklahoma while it was moving as, was a part of, or constituted interstate commerce.[2]

We are of the opinion that removing the Kansas license plates from the automobile and affixing the Oklahoma license plates thereto was to prevent discovery of the automobile and constituted concealment thereof.[3]

The unexplained possession of the automobile by appellant at Muskogee, Oklahoma, shortly after it was stolen, and the other facts and circumstances warranted the jury in finding that the appellant stole the automobile transported it to Muskogee, and concealed it while it was moving in interstate commerce.[4]

Affirmed.

1. 18 U.S.C.A. § 2313.

2. Wolf v. United States, 7 Cir., 36 F.2d 450, 451; Davidson v. United States, 8 Cir., 61 F.2d 250, 255; Seefeldt v. United States, 10 Cir., 183 F.2d 713, 715.

3. See United States v. Guido, 2 Cir., 200 F.2d 105; United States v. Di Carlo, 2 Cir., 64 F.2d 15, 16.

4. Battaglia v. United States, 4 Cir., 205 F. 2d 824; Yielding v. United States, 5 Cir., 173 F.2d 46; McNamara v. Henkel, 226 U.S. 520, 524, 525, 33 S.Ct. 146, 57 L.Ed. 330.