**UNITED STATES of America,**
**Appellee,**

v.

**Gerald Leon SMITH, Appellant.**

**No. 72–1013.**

United States Court of Appeals,
Tenth Circuit.

June 8, 1972.

Forest N. Simon, and Martin & Kisner, Oklahoma City, Okl., on the brief, for appellant.

William R. Burkett, U. S. Atty., and Floy E. Dawson, Asst. U. S. Atty., on the brief, for appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This is a direct appeal from a conviction of receiving and concealing a stolen vehicle in violation of 18 U.S.C. § 2313. The defendant waived a jury and was tried by the court. A sentence was imposed but stayed pending this appeal. The issue on appeal concerns the sufficiency of the evidence as to one element of the offense. We affirm.

The record shows that the Oklahoma City Police Department received a call from a local bar advising officials that two patrons, the appellant and his brother, had been bragging about driving a stolen 1970 Chevrolet pickup without being caught. A patrolman went to the bar, obtained the vehicle identification number and, after checking with the National Crime Information Center, found that the vehicle had been stolen in Texas. Both men were arrested later that night.

The following morning an FBI agent interviewed the appellant in the Oklahoma City jail. Appellant explained that he had purchased the truck some nine months earlier at an Oklahoma City truckstop from a man he could then identify only as Paul from Sayre, Oklahoma. He related that this man was allegedly in need of money and offered to sell the vehicle at a bargain price. A week later appellant paid $1,000 in cash, and after discovering that the man had "forgotten" the title, it was agreed that title would be transferred upon payment of the $800 balance. Appellant has not seen the man since, did not pay the balance, and never received title. He further explained that he was not suspicious of the deal at the time and that he attempted to locate the man twice. Because of domestic difficulties at the time of interrogation, he was unable to obtain a slip of paper on which he had allegedly written the man's name and address. After the interview the FBI agent filed the customary report of what had tran-

spired, reducing to writing the gist of appellant's explanation.

Before trial it was stipulated that the truck had been stolen from a new truck display on April 3, 1970, at Temple, Texas; its retail price was $3,637.15. The evidence at trial shows that the license plate on the truck had been stolen from a 1969 GMC pickup and was on the truck when appellant acquired it. When appellant was arrested, the safety sticker on the truck had been issued to another of appellant's trucks. Appellant, himself an independent trucker, testified that the vehicle had 459 miles on the odometer when he purchased it in Oklahoma City in April 1970, but that the condition of the tires and the truck bed indicated that it had actually been driven 4,000 to 5,000 miles. Appellant further testified that he attempted to have the truck inspected, but because state officials presumably would not inspect it without a title, he used the safety sticker from an older, inoperative truck. No title was actually so required. He maintained that the license plate was the same one that was on the vehicle when he purchased it. With regard to another license plate found under the seat, appellant testified that he tossed it into the truck after discovering that it had accidentally fallen off another of his trucks. He also denied initially having told the arresting officer that he purchased the truck in Texas. The appellant had installed a rear bumper, but apparently the truck was otherwise unchanged during his possession.

The factors necessary to appellant's conviction under 18 U.S.C. § 2313 were stated in Phillips v. United States, 206 F.2d 923 (10th Cir.), as follows:

"In order to establish the offense charged in the second count of the indictment, it was necessary to prove that appellant knew that the automobile had been stolen and with such knowledge received or concealed the automobile in the Eastern District of Oklahoma while it was moving as, was a part of, or constituted interstate commerce."

The appellant here argues that the Government failed to prove that the truck was moving in interstate commerce and that he had knowledge that it was stolen. The sole issue is the sufficiency of the evidence.

We did not hold in Phillips that knowledge of the vehicle's interstate character was requisite to a conviction. On this point appellant urges that in Doherty v. United States, 193 F.2d 487 (10th Cir.), we held that the Government must prove knowledge of the vehicle's interstate character as well as knowledge that it was stolen. Doherty was headnoted as requiring that knowledge of the interstate character of the transaction was necessary to a conviction; however, the decision does not so state although the indictment may have made such a recitation. It is well settled that knowledge by the defendant that the vehicle was moving in interstate commerce is not an essential element of an offense under section 2313. Seefeldt v. United States, 183 F.2d 713 (10th Cir); Wolf v. United States, 36 F.2d 450 (7th Cir.); Katz v. United States, 281 F. 129 (6th Cir.). See generally Annotation: "National Motor Vehicle Theft Act," 56 A.L.R.2d 1309, § 14. In the case at bar the record shows no evidence that appellant had knowledge that the vehicle had been transported in interstate commerce, but appellant's suggestion that such knowledge was requisite to his conviction is without merit.

The FBI report of agents' conversations with appellant was considered by the court along with other evidence. Both the favorable and unfavorable aspects of the report were considered by the trial court, and are part of the record on appeal.

There is no question that appellant received the vehicle, and thus the remaining issue is whether in a light most favorable to the Government there is sufficient evidence that appellant was

aware that the vehicle was stolen. After considering all of the facts and circumstances, as well as an inference arising from possession after the vehicle's recent theft, the finding of the trial court is supported by the evidence. McManaman v. United States, 327 F.2d 21 (10th Cir.); Seefeldt v. United States, 183 F.2d 713 (10th Cir.); Edwards v. United States, 7 F.2d 357 (8th Cir.). See also United States v. Koran, 453 F.2d 144 (10th Cir.), as to the retention of property knowing it to have been stolen under 18 U.S.C. § 659.

Affirmed.