**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Clifton PICHANY, Defendant-Appellant.**

**No. 73-1422.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 18, 1973.

Decided Dec. 19, 1973.

Kenneth H. Clapper, Danville, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Joel Merkel, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and SPRECHER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Appellant John Clifton Pichany was convicted after a jury trial on three counts of receiving and concealing stolen motor vehicles moving as interstate commerce, in violation of Title 18, U.S.C. § 2313; and on one count of receiving and concealing stolen goods having a value in excess of $5,000 which were moving as, or which were part of, or which constituted interstate commerce, in violation of Title 18, U.S.C. § 2315.

. The four counts correspond to four vehicles discovered on appellant's premises near Momence, Illinois, on July 15, 1972, by Illinois State Police Officers and Kankakee County Sheriff's Deputies who were searching the property pursuant to a search warrant. The vehicles specified in the § 2313 counts (Counts V, VI and VII of the indictment) were a 1971 International Tractor, a 1972 Chevrolet truck and a 1971 Champion Motor Home. The subject of the § 2315 count (Count IV) was a 1971 Tempte Refrigeration Trailer. Counts I, II, III and VIII of the indictment were dismissed on the Government's motion prior to trial. Appellant was sentenced to concurrent terms of five years imprisonment on Counts IV, V and VI; on Count VII, appellant was placed on probation for a period of two years, such period to run consecutively to the five years imprisonment.

On appeal appellant claims that the Government did not prove the elements of a § 2313 or § 2315 violation and thus his timely filed motions for judgment of acquittal and for a new trial were erroneously denied. More specifically, he argues that the Government introduced no evidence that the vehicles were concealed, that appellant knew the vehicles were stolen, or that the vehicles were moving as interstate commerce. Appellant does not contest the evidence that the vehicles were in fact stolen. Appellant also argues that he was denied a fair trial because the trial court did not on its own motion strike certain allegedly prejudicial testimony by a government witness.

## I. CONCEALMENT

When discovered on appellant's premises, each of the four vehicles was in plain view. Appellant relies on this fact as conclusively demonstrating that there was no concealment of the vehicles and, hence, no violation of §§ 2313 and 2315.

Such contention is without merit. Concealment is not limited to the hiding away of an entire vehicle. There was substantial evidence that appellant had obtained Alabama license plates for the vehicles, from which a jury might conclude that the vehicles were being concealed. See United States v. Brady, 8 Cir., 425 F.2d 309, 312 (1970); Babb v. United States, 8 Cir., 351 F.2d 863, 864–865 (1965); Phillips v. United States, 10 Cir., 206 F.2d 923 (1953). The jury might also have found concealment from evidence that vehicle identification numbers on the tractor, trailer and motor home had been obliterated or altered. Donaldson v. United States, 7 Cir., 82 F.2d 680, 681 (1936).

## II. KNOWLEDGE OF THEFT

■ Both § 2313 and § 2315 require that the accused have knowledge that the vehicle or goods are stolen. There is substantial evidence in the record from which a jury could conclude that appellant possessed such knowledge with respect to each vehicle charged in the indictment.

As mentioned above, identification numbers were altered on three of the vehicles (the tractor, trailer and motor home). These alterations were obvious to anyone inspecting the numbers. Appellant listed altered or completely false numbers on his applications for Alabama license plates for the three vehicles. In addition, the ignition on the fourth vehicle (the truck) and on the motor home were punched out and hot wired. A jury might reasonably regard the condition of the ignitions both as incapable of escaping notice and as engendering doubts regarding ownership. An accumulation of circumstantial evidence can without more support a jury's finding that a defendant knew a vehicle which he possessed was in fact stolen. See, e. g., United States v. Briddle, 8 Cir., 430 F.2d 1335, 1338 (1970).

In addition, direct evidence on the knowledge issue was supplied by the testimony of Arnold Kuta, an F.B.I. agent who interviewed appellant on July 18, 1972. In the course of that interview, prior to which appellant was fully advised of his rights, Kuta asked appellant whether he knew that the vehicles named in the present indictment were stolen. Appellant answered, "I am not going to say I didn't know they was stolen."

Appellant argues that the trial court committed reversible error in permitting agent Kuta to so testify.[1] In support of this contention, appellant argues first, that the statement is "patently ambiguous" in that, by a mere pause after the word "say," the sentence becomes, "I am not going to say. I didn't know they

was stolen." Thus transformed, the statement becomes a denial rather than an admission of the element of knowledge. Second, appellant argues that oral admissions cannot be considered against a defendant without independent proof of the *corpus delicti.* Such proof, it is argued, was lacking here.

■■ We are not persuaded by these arguments. As related by agent Kuta, appellant's statement is not ambiguous. On the contrary, it is a clear admission of a material element of criminal liability. The real issue which appellant's argument raises is the credibility of Kuta, and this was a jury question. Kuta was subjected to rigorous cross-examination regarding his interpretation of appellant's statement, and counsel strenuously advanced during final argument his theory that Kuta may have been mistaken. Obviously the jury was not persuaded that Kuta misinterpreted appellant.

On the question of corroboration, we agree with appellant that Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954) requires that

> "* * * where extrajudicial admissions that point to guilt are made by the accused, after the date of the acts charged as crime, testimony by witnesses other than the accused as to such oral or written admissions cannot be accepted as evidence without corroboration of the facts stated." *Id.* at 89, 75 S.Ct. at 162.

The crucial fact stated in the admission to agent Kuta is appellant's knowledge that the vehicles were stolen. As noted above, however, there was additional evidence before the jury which corroborates this admission, namely, the altered identification numbers and the punched out and rewired ignitions. *Opper* additionally held that the corroborative proof need not of itself be sufficient to establish the *corpus delicti.* Rather, "[i]t is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference

---

1. Counsel objected to the testimony during an *in camera* hearing on the question of voluntariness.

of their truth." *Id.* at 93, 75 S.Ct. at 164. In light of the independent evidence against appellant, we have no difficulty in concluding that the *Opper* requirement has been met.[2]

## III. INTERSTATE COMMERCE

Appellant contends that the Government's proof wholly failed to show that the stolen vehicles were "moving as" interstate commerce on July 15, 1972, the date alleged in the indictment on which the illegal acts occurred. Admittedly, no evidence was presented which linked appellant with the actual theft of the vehicles outside Illinois. Rather, the evidence on the interstate commerce issue consisted primarily of proof that the vehicles were stolen in Indiana (Counts V, VI and VII) and Ohio (Count IV), and were recovered on appellant's premises in Illinois some seven to ten months later. In addition, the Government was able to connect appellant with three of the vehicles prior to July 15, 1972, through testimony as to the date on which appellant applied by telephone for Alabama license plates for the vehicles. These dates were: February 2, 1972, for the trailer (Count IV); January 4, 1972, for the tractor (Count V); and April 17, 1972, for the motor home (Count VII). The trailer was stolen on an undetermined date between November 28, 1971, and January 18, 1972; the tractor was stolen on January 1 or 2, 1972; the truck was stolen on October 1 or 2, 1971; and the motor home was stolen during November 1971.

The question of interstate commerce is for the jury, and we must affirm if substantial evidence exists in the record to support the jury's verdict. United States v. Briddle, 8 Cir., 430 F.2d 1335 (1970); Powell v. United States, 5 Cir., 410 F.2d 710 (1969). It is well settled, however, that mere proof of some prior interstate movement of the stolen vehicle or goods is not, in itself, sufficient to supply the interstate commerce element of a § 2313 or § 2315 offense. Schwachter v. United States, 6 Cir., 237 F.2d 640 (1956); Davidson v. United States, 8 Cir., 61 F.2d 250 (1932); Wolf v. United States, 7 Cir., 36 F.2d 450 (1929). But *cf.* United States v. Bass, 404 U.S. 336, 350, 92 S. Ct. 515, 30 L.Ed.2d 488 (1971).

The vehicle or goods must retain their interstate character at the time the accused received or concealed them. United States v. Wyatt, 7 Cir., 437 F.2d 1168, 1172 (1971); United States v. Briddle, *supra*; Powell v. United States, *supra*. As was stated in *Schwachter, supra*: "* * * After a period of time and depending upon what is done with the car, it may no longer be correct to treat it as moving in interstate commerce. * * * The acquisition of the car and later sale of it by a person who is in no way connected with the theft and transportation may be under such circumstances as to terminate its interstate character. * * *" 237 F.2d at 644.

A defendant need not know that the vehicle or goods are moving as interstate commerce; it suffices that his actions were in fact one step in a total scheme of interstate transportation. United States v. Brady, 8 Cir., 425 F.2d 309 (1970); Donaldson v. United States, 7 Cir., 82 F.2d 680 (1936); McNally v. Hill, 3 Cir., 69 F.2d 38, aff'd on other grounds, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Loftus v. United States, 7 Cir., 46 F.2d 841 (1931).

Appellant correctly contends that the Government presented no substantial direct evidence linking him to illegal activity outside Illinois. The question presented is therefore, whether a jury on these facts may be permitted to infer that the vehicles here involved retained

---

2. *Opper* clearly does not require that the Government produce "corroboration as to whether the oral statement was made as one sentence or not" (appellant's brief at 38), if this is read to argue that the Government must produce another witness to the admission. Of course, by corroborating the admission as stated by Kuta, the independent proof supports Kuta's contention that the statement was made without pause.

their character as interstate commerce when concealed by appellant on July 15, 1972. More specifically, the issue is whether a presumption of continuing interstate commerce arises from proof of theft in one state and possession in another, which is sufficient to carry the Government's burden of proof on interstate commerce.

In Wolf v. United States, 7 Cir., 36 F.2d 450 (1929), our court recognized the possibility of such a presumption where "the date and circumstances be such as to justify the inference," and no credible explanation of possession is offered by the defendant. The court there overturned the defendants' convictions on the grounds that defendants had conclusively proved they did not learn of the stolen vehicle's existence until at least one month after the theft and interstate transportation.

■ A number of other courts have permitted a jury to infer from defendant's unexplained possession in one state of a vehicle or goods stolen elsewhere, not only that the defendant knew the vehicle or goods were stolen, but also that the defendant's activities were one step in the interstate transportation of the stolen vehicle or goods. See Kramer v. United States, 8 Cir., 408 F.2d 837 (1969); Phillips v. United States, 10 Cir., 206 F.2d 923 (1953); United States v. DiCarlo, 2 Cir., 64 F.2d 15 (1933); and see cases cited at 15 ALR Fed. 856, 871 (1973). As in Wolf, the crucial elements in these cases are (1) a relatively brief time span between the theft and defendant's possession, and (2) the absence of a credible explanation to refute the inference. The evaluation of defendant's explanation is, of course, primarily a jury function, and an appellate court will reverse on this basis only where, as in Wolf, defendant's evidence is so overwhelming that a refusal by the

jury to credit the explanation is manifestly unreasonable.

Turning to the facts of the present case, we believe the jury was warranted in refusing to credit appellant's explanation of possession. Appellant himself did not testify; the sole defense witness was his wife, who identified four bills of sale to the vehicles, each signed by one George Austin. Mrs. Pichany testified that she had never met George Austin and had "no idea" who he was. The bills of sale were dated but did not specify the place of sale.

This evidence, even if believed by the jury, does not refute an inference of interstate commerce. The fact that the vehicles were purchased from the mysterious Austin, without additional explanation, is completely consistent with a single scheme of interstate theft and transportation, especially where, as here, there is substantial evidence that appellant knew the vehicles were stolen.

The question of the time span between theft and possession is more troublesome. Courts have been reluctant to prescribe a maximum period beyond which a jury may not be permitted to infer interstate commerce. Nevertheless, such a limit surely must exist. As stated in Wolf, supra, "[e]ach case must be decided on the facts established in that case." 36 F.2d at 452.

■ A comparison of the dates when appellant was shown first to have been associated with the vehicles and the dates of theft indicates a maximum span of 2 months, 4 days on Count IV; 3 days on Count V; 9 months, 15 days on Count VI; and 5 months, 17 days on Count VII.[3]

■ We conclude that in light of all the evidence in the case, the conviction must be upheld. "The jury is permitted to infer from one fact the existence of another essential to guilt, if

---

3. If the vehicles were moving as interstate commerce when acquired by appellant, the mere passage of additional time prior to their concealment need not alter their character as interstate commerce. United States v. Briddle, supra; Powell v. United States, supra. Cf. United States v. Johnson, 7 Cir., 409 F.2d 861, 864 (1969).

reason and experience support the inference." Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943). We cannot say that there was here "no rational connection between the fact proved and the ultimate fact presumed." *Id.* On Count V, the inference was practically compelled inasmuch as appellant applied for an Alabama license for the tractor not more than three days after the vehicle's theft. The jury's decision on Counts IV and VII, while hardly compelled, is nevertheless well within the bounds of reason. While we might question the evidence on Count VI as straining the inference to the limit, the five year sentence imposed on that count is to be served concurrently with the like sentences on Counts IV and V, and thus a conclusive review here is unnecessary. United States v. Guido, 2 Cir., 200 F.2d 105 (1952), citing Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

## IV. PREJUDICIAL TESTIMONY

■ During the direct examination of government witness Clay Boyer, a police officer who took part in the search, certain photographic exhibits were identified and offered into evidence. Defense counsel objected to two of these exhibits, and the objections were sustained, apparently on the ground of lack of relevancy. Prior to each objection the witness partially described the scene depicted by the photographs. Defense counsel did not move that this testimony be stricken. Appellant now claims, however, that it was error for the trial court not to strike the testimony on its own motion because the oral description of the photographs allegedly prejudiced appellant.

Boyer testified that one photograph showed a 1972 Fruehauf trailer with a 1974 Granger Pickup "with two fuel tanks" inside; the other showed "parts of vehicles we found in the barn." Appellant argues that such descriptions might suggest to the jury a *modus operandi* for the interstate transportation and concealment of stolen motor vehi-cles. We find this contention tenuous at best. The trial court, in sustaining the objection, apparently felt that the photographs thus described were irrelevant as proof of the crime charged. We are at a loss to understand how appellant was prejudiced by the testimony and conclude that the court did not err in failing to strike it on its own motion.

In view of the foregoing, the judgment of conviction is affirmed.

Affirmed.