**Cletus KING, Robert Tinney, Robert Ranniger, Appellants,**

v.

**SPACE CARRIERS, INC., and Teamster General Drivers Union, Local No. 120, Appellees.**

No. 78–1873.

United States Court of Appeals, Eighth Circuit.

March 8, 1979.

Stanley J. Mosio, St. Paul, Minn., on brief, for appellants.

Bruce A. Finzen, Robins, Davis & Lyons, St. Paul, Minn., on brief, for appellee, Teamster General Drivers Union, Local 120.

Emery W. Bartle and Jay L. Bennett, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., on brief, for appellee Space Carriers, Inc.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

## ORDER

This case comes before the court on the "request" of appellee Teamster General Drivers Union Local No. 120 for the court to dismiss this appeal as frivolous. Because frivolity is not an appropriate basis for a motion to dismiss an appeal in this circuit, we deny the motion.

In this circuit, summary disposition of appeals is governed by Eighth Circuit Rule 9. Paragraph (a) of Rule 9, which relates to this court's power, on its own motion, to dispose of an appeal summarily, provides:

> The court may at any time, on its own motion and without notice, dispose of an appeal summarily, except that notice must be given if the appeal is in forma pauperis, a certificate of probable cause has been issued, and briefs have not been filed. The court may dismiss an appeal that is not within the jurisdiction of the court or that it finds to be frivolous and entirely without merit, or may affirm or reverse when the questions presented do not require further argument.

Paragraph (b) of Rule 9 relates to summary disposition of appeals on motion of the parties. Prior to September 1, 1975, Rule 9(b) read in relevant part:

> The appellee may file a motion for summary disposition of a docketed appeal. A motion to dismiss an appeal may be based on the contention that (1) the appeal is not within the jurisdiction of the court, or (2) the appeal is frivolous and entirely without merit. A motion to affirm may be based on the ground that the questions

presented for review are so unsubstantial as not to need further argument. A motion for summary disposition may be on alternate grounds.

For reasons to be discussed below, the court amended Rule 9(b) effective September 1, 1975. The pertinent part of the rule now provides:

The appellee may file a motion for summary disposition of [a] docketed appeal. A motion to dismiss an appeal under this rule may be based *only* on the contention that the appeal is not within the jurisdiction of the court. [Emphasis added.]

The effect of this amendment to Rule 9(b) is obvious—motions to dismiss on the ground of frivolity will no longer be entertained by this court. Unfortunately, we have detected a tendency on the part of appellees to attempt to circumvent this rule by submitting "requests" or "suggestions" that this court exercise its power under Rule 9(a) to dismiss an appeal as frivolous. In order to alleviate any possible misunderstanding about the appropriate bases for motions to dismiss in this circuit, we deem it appropriate to discuss in some detail the purpose of amended Rule 9(b).

Valid and important purposes were served by allowing a party to move to dismiss an appeal as frivolous under former Rule 9(b)—*e. g.*, conserving judicial resources, expediting the processing of cases, and relieving appellees from the costly and time-consuming process of defending against patently frivolous appeals. Over a period of time, however, it became apparent that former Rule 9(b) was the subject of frequent abuse by attorneys in this circuit. The practice of filing pro forma motions to dismiss based on frivolity became so widespread as to defeat the very purposes which former Rule 9(b) was designed to serve. The fact of the matter is that the number of appeals found to be frivolous was miniscule in relation to the number of motions filed. This fact, coupled with the fact that motions to dismiss based on frivolity necessarily entailed an examination of the merits of the case, led to duplication of research efforts and a consequent waste of judicial resources. Moreover, the practice of filing unsuccessful motions to dismiss served only to increase the cost, in both time and money, of defending appeals and often created substantial and unnecessary delays in the processing of cases in this court. For these reasons, among others, Rule 9(b) was amended to omit frivolity as a ground for a motion to dismiss.

The instant "request" is an excellent example of the problems engendered by the practice under former Rule 9(b). The "request" and the papers in support thereof consist of 32 legal-sized pages, replete with citations to the record and authorities, in an attempt to refute each of the arguments raised in appellants' brief. In short, it is nothing more nor less than an appellee's brief on the merits. As such, consideration of appellee's "request" would require nothing short of a thorough examination of the entire record below and the extensive papers already filed on this appeal. Such examination is best deferred until the case is given plenary consideration, either with or without oral argument, by a panel of this court.

We recognize that there are some few appeals which are indeed frivolous. In such cases, however, the burden on appellees is substantially alleviated by the court's power *sua sponte* to dismiss frivolous appeals under Rule 9(a) and by the court's intensive screening procedures. Because these procedures adequately protect appellees and further the goals of judicial economy and efficiency, we decline to reopen the Pandora's Box of delay, duplication, and inefficiency by entertaining motions to dismiss based on frivolity, regardless of whether such motions are denominated as such or whether they are captioned as "suggestions" or "requests" for this court to exercise its power under Rule 9(a).

The motion to dismiss is denied.