**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe John CORNEJO, Tony Edward Estrada, Magdalena Reyes, Defendants-Appellants.**

Nos. 77–3257, 77–3258 and 77–3259.

United States Court of Appeals, Ninth Circuit.

June 12, 1979.

Arthur Ruthenbeck, Deputy Federal Defender, Fresno, Cal., for defendants-appellants.

Anthony P. Capozzi, James E. White, Asst. U. S. Attys., Fresno, Cal., for plaintiff-appellee.

Before BROWNING, CARTER and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants were convicted of armed bank robbery (18 U.S.C. §§ 2113(a), (d)). All appellants claim the trial court erred in denying their motion to suppress. Appellant Estrada also challenges the admission of post-arrest statements of appellant Cornejo.

The American National Bank in Bakersfield, California, was robbed on June 2, 1977. Shortly after the robbery several police officers proceeded to apartment B–36 of the nearby J–L–J apartment complex in search of the suspects on the basis of information furnished by several persons including two witnesses to the robbery. The les-

see of the apartment, Mary Padilla, answered the door, admitted the officers, and consented to a search of the entire apartment. Appellants were found in a rear bedroom and arrested. Certain items were seized that were later admitted at the trial. Appellant Cornejo made several statements which were also admitted at trial. After appellant Reyes arrived at the police station, her purse, seized at the time of the arrest, was searched and a mutilated money list from the bank was discovered.

■ Appellants claim the district court erred in finding that the police entered and searched the apartment pursuant to Mary Padilla's consent.* The testimony as to the circumstances surrounding the consent was contradictory. The district court resolved the conflict in favor of the police. The court's credibility determination was not clearly erroneous. *See United States v. Lemon*, 550 F.2d 467, 471 -72 (9th Cir. 1977); *United States v. Page*, 302 F.2d 81, 84 86 (9th Cir. 1962) (en banc). Assuming the facts to be as the police described them, the circumstances were not so inherently coercive as to render the consent involuntary. Appellants rely upon the testimony of one of the police officers that when Mrs. Padilla opened the door, she was confronted by several officers with their guns drawn. However, two other officers testified that the weapons were not drawn when permission to enter and search was initially requested, but only after the search began.

■ Appellants contend the seizures were invalid because the police did not have probable cause to arrest. A bank had been robbed 38 to 40 minutes earlier; two of the suspects were male Mexican-Americans, one of whom had orange-colored hair combed straight back. A woman had been identified as driving the getaway car. The car had been located at the apartment complex. After arriving at the complex, the police learned that a person fitting the description of one of the suspects had been seen in the vicinity of apartment B 36 earlier in the

day. In the consensual search of the apartment, the police found the suspect with the orange-colored hair in the bedroom with two other persons, one of whom was a woman, and the other a male Mexican-American. Clearly, probable cause existed to arrest all three.

■ Appellants argue that the seizure of money, weapons, a purse, and a shirt in the bedroom in which they were arrested exceeded the legitimate scope of a search incident to an arrest. However, Mrs. Padilla could legitimately consent to the officers' entry and search, *see United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *United States v. Novick*, 450 F.2d 1111, 1112 (9th Cir. 1971), and the weapons were discovered incident to a search of a dresser conducted pursuant to Mrs. Padilla's consent. The remaining items, including appellant Reyes' purse, were also legitimately seized since they were discovered in plain view during the course of the lawful consent search. *See Coolidge v. New Hampshire*, 403 U.S. 443, 465 -71, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). *Cf. United States v. Hare*, 589 F.2d 1291, 1293 96 (6th Cir. 1979); *United States v. Ledbetter*, 432 F.2d 1223, 1225 (10th Cir. 1970).

■ Appellant Reyes contends the police should have obtained a warrant before searching her purse. The lawfulness of the seizure of the purse does not justify the search of its contents; although the purse itself was in plain view, its contents were not (*see United States v. Jackson*, 576 F.2d 749, 752 53 (8th Cir. 1978)); and the search of the purse without a warrant may have been illegal under *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).

*Chadwick*, however, was decided after the search occurred, and this court has held *Chadwick* is not to be applied retroactively. *See United States v. Stewart*, 591 F.2d 63, 65 (9th Cir. 1979). *See also United States v.*

---

* The government challenges appellants' standing to raise the Fourth Amendment issues. We assume standing for the purpose of this appeal.

*Berry,* 571 F.2d 2 (7th Cir. 1978); *United States v. Reda,* 563 F.2d 510 (2d Cir. 1977); *United States v. Montgomery,* 558 F.2d 311, (5th Cir. 1977). Under the law in this circuit prior to *Chadwick,* the search of appellant Reyes' purse was lawful as a search of property immediately associated with and in the possession of the arrestee. *See United States v. Basurto,* 497 F.2d 781, 792 (9th Cir. 1974); *United States v. Mehciz,* 437 F.2d 145, 146–47 (9th Cir. 1971); *United States v. Evalt,* 382 F.2d 424, 427 (9th Cir. 1967). In *Mehciz* and *Evalt, see also United States v. Evalt,* 359 F.2d 534 (9th Cir. 1966), we sustained seizures and post-arrest searches nearly identical to the one at issue here. *See also United States v. Edwards,* 415 U.S. 800, 803, 805–06, 94 S.Ct. 1234, 39 L.Ed.2d 771; *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

■ While still in the apartment but under arrest, appellant Cornejo made incriminatory statements he claims should have been suppressed. The statements were not excludable as derivative violations of appellant Cornejo's Fourth Amendment rights since the police lawfully entered the apartment and had probable cause to arrest. Nor is suppression required by the Fifth Amendment. Although appellant Cornejo was not informed of his right to remain silent, the statements were not made in response to police interrogation but were volunteered. *See Pavao v. Cardwell,* 583 F.2d 1075, 1077 (9th Cir. 1978); *United States v. Velarde,* 528 F.2d 387 (9th Cir. 1975); *United States v. Rouse,* 452 F.2d 311, 313 & n. 2 (5th Cir. 1971).

■ Some of the appellant Cornejo's statements also implicated other appellants. Thus appellant Cornejo said: "*We* threw the bags away. *We* put our money in our pockets. *We* didn't want the people [who lived in the apartment] to know what was going on." These statements were admitted with an instruction that they were to be considered only against appellant Cornejo. Notwithstanding the cautionary instruction, appellant Estrada claims admission of the statements violated his Sixth Amendment right to confrontation because appellant Cornejo did not testify and was not available for cross-examination. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The error, if any, was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Three bank employees identified appellant Estrada positively and without hesitation as one of the robbers. Appellant Estrada arrived at the Padilla apartment with the two other appellants several days before the robbery. He and the other two appellants left the apartment together earlier in the afternoon of June 2 and upon their return went directly to the bedroom where they were arrested some 30 minutes later. A bag containing bait money and a shirt which all of the witnesses identified as having been worn by appellant Estrada during the robbery were found in the bedroom in which appellant Estrada was arrested.

Affirmed.