UNITED STATES of America,
Plaintiff-Appellee,

v.

James Seeley CYPHERS,
Defendant-Appellant.

No. 78–3713.

United States Court of Appeals,
Ninth Circuit.

Sept. 17, 1979.

Richard H. Kirschner, Kirschner & Greenberg, Los Angeles, Cal., for defendant-appellant.

Charles P. Suarez, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and EAST,* District Judge.

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

EAST, District Judge:

Defendant James Seeley Cyphers appeals from his judgment of conviction and sentence to five years probation for violating 18 U.S.C. § 2315, selling stolen securities in excess of $5,000 in value which were "moving as . . . a part of, or . . . constitute[d] interstate or foreign commerce . . . ." We affirm.

## I. *Statement of the Case*

Cyphers was indicted on March 1, 1978, for selling stolen Series E savings bonds to an undercover FBI agent. He waived his right to a jury and the case was tried by the District Court.

Cyphers admitted knowledge of the bonds' stolen character at the time of the sale. The owner of the bonds identified them as being those which had been stolen from his home in North Carolina approximately two years earlier. The FBI agent testified to the circumstances surrounding the sale. The Government offered no evidence to link Cyphers to the original theft or to show that he acted as a conduit for interstate distribution of the bonds. The District Court found Cyphers guilty as charged.

## II. *Issue Presented*

18 U.S.C. § 2315 contains four elements: (1) the securities were stolen; (2) their aggregate value exceeded $5,000; (3) the defendant knew they were stolen; (4) they were "moving as . . . a part of, or . . . constitute[d] interstate or foreign commerce" at the time of the sale. In this case, the first three elements were established by direct evidence. As to the fourth, the Government relied on an inference based upon the facts of the case to show that the sale from Cyphers to the agent was in the chain of interstate distribution. Thus, the sole issue presented for consideration is whether the interval of about 20 months between the date of the theft and the date of the sale precluded the trier of fact from finding that the bonds were still in the stream of interstate commerce.

## III. *Analysis*

Cyphers contends that, as a matter of law, the intervening 20-month period caused the bonds to lose their character of being in interstate commerce. His conclusion is predicated on the assumption that the 20-month period precludes any other finding than that the securities had come to rest in California prior to their sale to the FBI agent. In support of this contention, Cyphers urges that we apply the Seventh Circuit's rationale in *United States v. Pichany,* 490 F.2d 1073 (7th Cir. 1973), to the present case.

Cyphers notes that the Seventh Circuit, although affirming Pichany's conviction, recognized that an interval of nine and one-half months between the initial theft and his arrest "strain[ed] the inference [of interstate commerce] to the limit." *Id.* at 1079. He contends that a sufficient analogy exists between the stolen cars in *Pichany* and the stolen bonds in the present case to warrant application of the Seventh Circuit's time limit of nine and one-half months. We disagree.

### A. *A Universal Time Limit for § 2315 Cases*

Cyphers' reliance upon *Pichany* is misplaced. While the Seventh Circuit acknowledged the existence of a point in time when the stolen cars would lose their interstate commerce character solely from the passage of time, it reaffirmed the proposition that the determination is a question of fact to be made on an individual case by case analysis. *Id.* at 1077–78. *See United States v. Briddle,* 430 F.2d 1335 (8th Cir. 1970); *Powell v. United States,* 410 F.2d 710 (5th Cir. 1969); *Wolf v. United States,* 36 F.2d 450 (7th Cir. 1929).

### B. *Sufficiency of the Evidence*

 It is well settled in this Circuit that the determination of the interstate commerce character of stolen articles in an 18 U.S.C. § 2315 case is a question of fact for the trier of fact. *Corey v. United States,* 305 F.2d 232, 236–37 (9th Cir. 1962).

To support an inference in favor of the Government, the evidence must show: "(1) a relatively brief time span between the theft and the defendant's possession, and (2) the absence of a credible explanation to refute the inference." *United States v. Pichany*, 490 F.2d at 1078.

We are required on this appeal to view the evidence in a light most favorable to the Government. *United States v. Jones*, 592 F.2d 1038, 1041 (9th Cir. 1979). In addition, we are required to take into account any evidence presented by the defendant in his own behalf. *Id.* at 1041. After such consideration, we are bound to affirm if "the evidence, considered most favorably to the government, was such as to permit a rational conclusion by the [trier of fact] that the accused was guilty beyond a reasonable doubt." *Id.* at 1041, *quoting United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969).

To resolve the time span question, the trier of fact may consider the inherent characteristics of the stolen articles and the manner in which the articles were handled, among other factors. The stolen goods in *Pichany* were cars, goods which are readily marketable. In contrast, the savings bonds in this case are non-negotiable and, therefore, difficult to transfer gainfully. *Lee v. United States*, 363 F.2d 469, 475 (8th Cir.), *cert. denied*, 385 U.S. 947, 87 S.Ct. 323, 17 L.Ed.2d 227 (1966).

Our consideration of the evidence does not ignore Cyphers' own testimony. Although the record contains conflicting testimony on the issue of interstate commerce, the trial judge did not consider Cyphers' testimony credible and resolved the question in favor of the Government. Since the trial judge's determination of credibility was not clearly erroneous, we defer to his finding. *United States v. Cornejo*, 598 F.2d 554 (9th Cir. 1979).

The District Court's judgment of conviction and sentence is affirmed.

AFFIRMED.