**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert CARRIER, Defendant-Appellant.**

**No. 80–1824.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 1981.

Decided Aug. 24, 1981.

**560**

John L. King, King & Morris, Boise, Idaho, on brief, for defendant-appellant.

Donald Harris, Asst. U.S. Atty., Boise, Idaho, on brief, for plaintiff-appellee.

Before KILKENNY and SNEED, Circuit Judges, and QUACKENBUSH, District Judge.*

KILKENNY, Circuit Judge:

Appellant, in a court trial, was found guilty on two counts of violating 18 U.S.C. § 1001, for making false statements to a customs inspector.

### FACTS

Appellant attempted to cross the border from Canada into the United States at Eastport, Idaho, on October 28, 1979. During the course of the border inspection and interrogation, he was asked whether he was carrying over $5,000.00 in currency, to which he answered "No." When the inspector made inquiry in connection with a briefcase on the back seat, appellant stated that it was just a shirt and shaving kit for an overnight stay in Spokane. On inspection, the officer found a shirt, a shaving kit and a brown envelope. Appellant said the envelope contained personal papers. In fact, the envelope contained $14,980.00 Canadian currency. Appellant attempted to explain his failure to tell the inspector about the envelope by saying that he did not want his traveling companion to know he was carrying such a large amount of money.

Appellant then filled out a currency reporting form. Among other things, the form contains the language: "Who must file." The form states: "Each person who physically transports ... an aggregate amount exceeding $5,000.00." Appellant reported that he had $15,000.00 under the heading "Value in U. S. Dollars." At trial, appellant argued that the form is ambiguous and that he interpreted it to mean that he should report the excess over $5,000.00.

---

* The Honorable Justin L. Quackenbush, United States District Judge for the Eastern District of Washington, sitting by designation.

When asked if he was carrying any more currency on his person, appellant stated all he had was some spending money. A search disclosed that he had an additional $5,489.00 in Canadian currency in his wallet. Additionally, appellant gave conflicting stories as to his destination, the purpose of his trip, and the person whom he was meeting.

First, appellant contends that the doctrine discussed in *United States v. Bedore*, 455 F.2d 1109 (CA9 1972), places his "No" answer to the question of whether he was carrying over $5,000.00, outside the scope of an 18 U.S.C. § 1001 false statement. *Bedore* is distinguished in *United States v. Rose*, 570 F.2d 1358, 1364 (CA9 1978), where the court said that even though the statement is oral, unsworn, and unrelated to a claim against the United States, the *Bedore* doctrine was inapplicable because (1) the declarant was claiming a privilege of entry into the United States; (2) his statement potentially impaired the function of the Customs Services; (3) the border agent's questions were a "routine exercise of administrative responsibility"; and (4) a truthful answer would not have involved self-incrimination.

■ Here, the appellant was claiming the privilege of entry into the United States. This alone is enough to take the case outside of the *Bedore* decision. Beyond that, the inspector's question was routine and did not involve the possibility of self-incrimination. *See United States v. Fitzgibbon*, 619 F.2d 874, 881 (CA10 1980).

Appellant's reliance on *United States v. Schnaiderman*, 568 F.2d 1208 (CA5 1978), is misplaced. Although *Schnaiderman* supports the appellant's position, we are bound by Ninth Circuit law, rather than the law of the Fifth Circuit. In any event, the *Bedore* doctrine, as limited by *Rose*, does not apply to the facts here presented. *Rose* controls.

■ Next, appellant urges that the evidence is insufficient to show that he knowingly and willfully made a false statement as required by 18 U.S.C. § 1001. Needless to say, we may not weigh conflicting evidence, nor consider the credibility of witnesses. That function is for the trial court. *United States v. Rodriguez*, 546 F.2d 302, 306 (CA9 1976). We are bound to affirm if " 'the evidence, considered most favorably to the government, was such as to permit a rational conclusion by the [trier of fact] that the accused was guilty beyond a reasonable doubt.' " *United States v. Cyphers*, 604 F.2d 635, 637 (CA9 1979). To willfully make a false statement under § 1001, a defendant must have "the specific intent of 'bringing about' the forbidden act." *United States v. Markee*, 425 F.2d 1043, 1046 (CA9 1970), *cert. denied*, 400 U.S. 847, 91 S.Ct. 93, 27 L.Ed.2d 84. However it is not necessary that the government prove that the appellant in fact had an evil intent. The word "willfull" means no more than that the forbidden act is done "deliberately and with knowledge." *Hirsch v. I&NS*, 308 F.2d 562, 567 (CA9 1962), citing *Neely v. United States*, 300 F.2d 67 (CA9 1962), *cert. denied*, 369 U.S. 864, 82 S.Ct. 1030, 8 L.Ed.2d 84.

■ Manifestly, the trial court could rationally base its conclusion that appellant acted knowingly and willfully on appellant's oral "No" response and his continued reluctance to let the inspector know that he was carrying over $5,000.00 in his briefcase. Beyond that, appellant's explanation that he made such statements to conceal the money from his traveling partner is, at least, circumstantial evidence of an intent to knowingly and willfully deceive the customs inspector. In support of his argument, appellant again cites *United States v. Schnaiderman, supra*. We repeat that *Schnaiderman* is not the law of this circuit. Appellant's claim that his oral answer "No" was not a material statement is meritless. The test for determining the materiality of the falsification is whether it is: (1) one that could affect or influence the exercise of governmental functions; (2) does it have a natural tendency to influence or is it capable of influencing agency decision? *United States v. East*, 416 F.2d 351, 353 (CA9 1969); *United States v. Goldfine*, 538 F.2d 815, 820–821 (CA9 1976). Beyond question, the statement "No" could very well affect the exercise of governmental functions and agency decisions since it

would have a tendency to prevent Customs from fulfilling their administrative duty to require persons entering the United States to file a currency reporting form in accordance with 31 U.S.C. § 1101. This contention is completely without merit.

■ Finally, appellant argues that he honestly misinterpreted an ambiguous government form and that this excludes the finding of intent. In support of this contention, he cites *United States v. Weatherspoon*, 581 F.2d 595 (CA7 1978), and *United States v. Race*, 632 F.2d 1114 (CA4 1980). Neither case is controlling on our facts. *Race* involved a government contract, rather than a government form. Neither does *Weatherspoon* support the appellant's contention that the form was ambiguous. The true holding in that case is that if there is sufficient evidence to show that the defendant acted knowingly and willfully, the question of honest misinterpretation is precluded, unless the form is so vague on its face as to violate the due process clause as a matter of law. As applied to the facts in the case before us, we find nothing ambiguous in the form used by the government. It is obvious that there is sufficient evidence to establish that appellant understood that the total amount of currency carried was required to be reported and that he chose to represent to Customs that he had only the amount found in the envelope. The intent to conceal the money in his wallet is demonstrated by appellant's own statement that he was carrying only "spending money." Quite properly, the lower court found this explanation "unbelieveable."

Appellant's concern that he was carrying $15,000.00 does not minimize the true fact that he was carrying $17,649 U.S. value. We hold that a trier of the fact, under all the circumstances of this case, could well find that the failure to be more precise in reporting the amount was willful and that his failure to do so was a material misrepresentation. We must keep in mind that the trial judge had the benefit of viewing the appellant's reaction as a witness. The discrepancy of over $2,500.00 between the amount reported and the amount actually carried could serve as a solid foundation for the finding that appellant intentionally gave an incorrect amount.

## CONCLUSION

We conclude that appellant had a fair trial and that the judgment of conviction must stand.

IT IS SO ORDERED.